INHABITANTS OF HOWLAND, *petitioners for a writ of certiorari, versus* COUNTY COMMISSIONERS OF PENOBSCOT COUNTY.

Where the County Commissioners have laid out a highway, but it does not appear that they have made any adjudication whether damages were sustained by persons over whose land the way was located, this is, in effect, an adjudication that no damages were sustained, and a party aggrieved may petition for a jury to assess damages within the time limited ; but it furnishes no sufficient cause for a writ of *certiorari* to be issued, at the instance of the town where the road is located.

The Massachusetts statute of 1787, creating a Court of Sessions, and the decisions under it, are obsolete and inapplicable.

The neglect of the Commissioners to return a plan of the way laid out is not material, if they have returned a sufficient description.

The requirement that stone monuments shall be erected at the angles or *termini* is only directory, and their erection is not necessarily to be recorded, but may be subsequent to the location and record.

The neglect of the Commissioners to designate one of their number for their chairman, on or after the first Monday of January, may be an inaccuracy, but, without proof of injury thereby to the petitioners, does not call for interference by *certiorari.*

Whether, in case the Commissioners, on the failure of the town to make a road duly located, have put it under contract to several contractors, they have a right to issue a warrant of distress against the town before the entire road is completed, *quære.* But if such a warrant has been prematurely issued, and attempt made to enforce it, the remedy is not by writ of *certiorari.*

THIS was a petition for a writ of *certiorari*, to quash the proceedings of the County Commissioners, in laying out a road in the town of Howland, in 1854. The Court, after hearing the case *pro forma*, denied the prayer of the petitioners, and they filed exceptions. The facts are sufficiently stated in the opinion of the Court.

*McCrillis, Flagg & Hilliard,* for the petitioners.

1. The right to take private property for public uses is conditional, upon compensation being made. The commissioners laying out a road should either award damages to the land owners as compensation, or determine that they are not

damaged. In this case they have done neither. Hence, there has been no valid appropriation of the land.

Many of the provisions of our statute are similar to those of the Massachusetts statute of 1787, creating a Court of Sessions, as well as to those of intervening statutes. It may be said that our statute does not in terms require the Commissioners to award damages, or return that none should be awarded. But the decisions of the Courts require it. *Commonwealth* v. *Coombs*, 2 Mass., 489. But it is not admitted that our statute does not require it. It requires the Commissioners to make a correct return of *all* their doings. R. S., c. 25, § 3.

If there has been no valid appropriation of the land, the town could not have built the road without being liable to the owners of the land as trespassers.

2. The description of the road laid out is defective in several particulars.

3. The Commissioners for the year when this road was located, had elected no chairman, and were not qualified to act as a board, not being duly organized.

4. The warrant of distress against the town was issued prematurely. The agent appointed by the Commissioners undertook to compel the town to pay for building the road from time to time, as the work went on. He underlet the work to several contractors, giving them three years to complete it. The work to be done in 1860 was completed and accepted, leaving the principal part to be done in 1861 and 1862. It is contended that the town is not liable, nor can a warrant of distress issue, until the road is finished. The law contemplates only a single contract. If the town is liable to a warrant of distress when a small part of the road is made, there may be a succession of such processes from different contractors as they complete their sections. Yet the whole road may never be finished, and the part made may thus be rendered of no value.

*C. S. Crosby*, for the respondents.

The opinion of the Court was drawn up by

CUTTING, J.—This is a petition for a writ of *certiorari* to quash the proceedings of the County Commissioners of the County of Penobscot for certain errors or defects, apparent in their record, relating to a certain highway in the town of Howland.

*Seven* such errors have been assigned; *four* of which, *only*, have been relied upon by the petitioners' counsel, which may be considered in their order.

*First*, "Because there was no adjudication by said County Commissioners, nor any record of any, whether any damages were sustained by persons over whose land the said highway was located, and, in point of fact, damages were sustained by such persons."

It appears from the record and the admitted affidavits of some of the owners of real estate, over which the way passes, that these allegations are true. But for that cause, unless the petitioners have sustained or are liable to suffer an injury, they cannot maintain this process. And it has been argued with much force, that the injured and innocent proprietors, who have recently awoke from a long sleep, may reverse the proceedings and thereby render nugatory all expenditures by the town. Certainly, such fears should at once be allayed, and therefore it becomes necessary to consider that question.

If such proprietors have sustained damages by having a road made through their otherwise, perhaps, inaccessible lands at the public expense, and have received no remuneration, the question would readily arise whether it was occasioned by their own fault, or that of the Commissioners. The statute makes ample provision for the security of the rights of all parties, when duly asserted, otherwise such rights must be barred; for it is the policy of the law that at some time all contentions should be terminated. It may then be expedient to consider concisely how such interests are guarded and protected by the statute, imposing duties upon the Court as well as vigilance upon the proprietor.

A petition in writing, signed by responsible names, must first be presented to the Commissioners, as the basis of their subsequent action, stating that the public convenience and necessity require the way to be laid out and established, also its *termini* and route. *Then*, if a view be granted, the Commissioners are required to give "thirty days' notice of the time and place of their meeting, by causing copies of such petition, with their order thereon, to be posted up in three public places in each town, in which any part of such highway may be, and to be served upon the clerk of such towns, and to be published in some newspaper, if any there be, in the same county; which notice shall be considered sufficient for *individuals*, as well as the public." *Then*, "if after such view and hearing of the parties, the Commissioners shall adjudge the same to be of common convenience and necessity, they shall have power to lay out such highway, and shall estimate the damages, if any, which any person may sustain by reason thereof, and shall make a correct return of their doings, under their hands, with an accurate plan or description of said highway, to their next regular session, and shall cause the same to be duly recorded." "They shall, also, cause to be entered of record, that the original petition, upon which their proceedings are founded, is continued until their second next regular session, to be held thereafter; and all persons aggrieved by their decision, in estimating damages, shall present their petition for redress at the first or said second next regular session; and if no such petition be then presented, the proceedings upon the original petition shall be closed, and so entered of record; and all claims for damages, not before allowed, shall be forever barred." Stat. of 1841, c. 25, §§ 1, 2, 3, 4.

This statute does not require the Commissioners to ascertain and determine the legal title, description, location or boundaries of each proprietor's lot, over which the highway passes, when no one appears to claim damages between the times of the notice first given, and the close of the original petition, — notices sufficiently given, both by publications and

a public record, and a time sufficiently long to enable any person injured to present his claim for damages and to establish his title. The Commissioners, when none such appears, may well conclude that none such exists, and that no adjudication is necessary. For them to adjudge that this person, or that, has, or has not, suffered an injury, when neither is known as a proprietor, and when neither deems it prudent to be known as a claimant, would be simply ridiculous, and the argument of counsel, that, under such circumstances, the constitutional rights of the citizen have been invaded, is untenable.

The petitioners' counsel have cited *Commonwealth* v. *Coombs*, 2 Mass., 489, to the effect that damages must be assessed, or a return made that none are sustained, a decision pronounced in 1807, on the construction of the statute of 1787, conferring certain powers and enjoining certain duties to be performed by a locating committee appointed by the Court of Sessions, who were under oath "faithfully and impartially to estimate all damages which any person may suffer in their property, by the laying out of the road." And the Court say that such a return was necessary, "because it may be the foundation of further proceedings, either by the town, or by any owner of the land, to correct any supposed errors in the estimation of damages."

But that statute has since become obsolete, as well as the decision, both in Massachusetts and Maine. Later statutes and decisions now constitute the rule of law, under which an omission of the Commissioners as to damages would not debar an injured proprietor, on an application seasonably made, from his right to a trial by jury. Their adjudication in that particular may not be necessarily "the foundation of further proceedings."

That decision has before been cited at our bar, but, with what success, can be ascertained by a reference to *Inhabitants of Vassalborough, petitioners for certiorari*, 19 Maine, 338. Indeed, its spirit was exorcised in its native land, in 1851, when, under a statute similar to our own, their Court say,

"The provision, § 11, is, that if damage shall be sustained by any persons in their property, the Commissioners shall estimate and return the same. Now, if no damage is returned, the conclusion is, that, in the judgment of the Commissioners, none has been sustained; it is a judgment against his claim for any damages, and if the party is aggrieved by such judgment, it is a case within the statute, and he must petition for a jury within the time limited; otherwise, he acquiesces in such judgment." *Monagle* v. *County Commissioners of Bristol*, 8 Cush., 360.

The *third* error assigned, and relied upon, is not sustained by the record. No plan was returned, but there was a sufficient description. It is true that it does not appear that any stone monuments were erected at the angles or *termini*. But, on this point, we refer to *Inhabitants of Monterey* v. *County Commissioners of Berkshire*, 7 Cush., 394, where it is decided that such a requirement is only directory, not necessarily any part of the record, and must, from necessity, be subsequent to the location and record of the highway.

The *fifth* assignment for error must share the same fate. The neglect to designate a chairman of the board of Commissioners, on or after the first Monday of January, may have been an inaccuracy, but no sufficient cause to claim our interference, there being no evidence of any injury occasioned thereby to the petitioners. 19 Maine, 338, before cited.

The foregoing are the principal reasons urged why the prayer of the petitioners should be granted; and we have seen that they have no foundation to rest upon, either on principle or authority; and consequently we have come to the conclusion that the highway was legally located and established, thereby imposing a duty on the petitioners, as good and loyal citizens, to see that it was opened and completed, which they have thus far neglected to do; in consequence of which the power of the Commissioners has subsequently been invoked and exercised, under the statute, in the appointment of an agent, who has laid the whole road

under contracts, two of which, as the record shows, have been completed, and, for their discharge, a warrant of distress against the petitioners has already been issued. And, it is contended—

*Seventhly,* that the statute contemplates one entire contract, and that no warrant could issue until it was performed and audited.

The first part of the proposition we think may be incorrect, but the latter part, when that question is duly presented, may require grave consideration. If a warrant has been prematurely issued and an attempt made wrongfully to enforce it, this is not the proper remedy. Perhaps *audita querela* might be administered as a temporary relief; as to which we give no opinion.        *Exceptions overruled.*

TENNEY, C. J., RICE, APPLETON, MAY and KENT, JJ. concurred.