LEVI HICKS *vs.* JOHN E. WARD.

Kennebec.     Opinion May 6, 1879.

*Way.   User.   Discontinuance.   Damages.   Augusta city charter.*

A discontinuance of a public way by both branches of the city government of
Augusta is legal, notwithstanding there was no determination as to dam-
ages, and no previous action taken upon that subject.

Less than twenty years adverse occupation will not establish a road by user.
*State* v. *Brewer*, 45 Maine, 606; and *Latham* v. *Wilton*, 23 Maine, 125, reaf-
firmed.

ON REPORT.

TRESPASS *quare clausum fregit.*   Date of writ, July 12, 1876.

Defense, general issue, and brief statement that whatever acts
were committed were done in the lawful discharge of his duty as
street commissioner, in repairing a public or town way under
direction of the city government.

After the testimony had been taken, the case was withdrawn
from the jury, to be reported to the full court, who are, upon so
much of the testimony as is admissible, to draw such inferences
and render such judgment as the law and facts require.

The following from the records of the city were put in evidence
by plaintiff:

We, the undersigned of this date, laid out a road on the within
petition of Elisha Barrows, Jr., and three others, commencing in
the north line of the county road leading to Asa Parlin's, at the
south end of a board fence; thence north 15 degrees west about
65 rods, to a stake in the north line of Ruel Williams' land;
thence north 19 west 48 rods, to a stake in the south line of the
Belfast road; said road to be four rods wide and east of said line.
All persons interested were notified previous to the laying out of
the same.

Voted, to accept the road on the east side of the Kennebec
river, agreeable to the report of the selectmen laying out the
same as recorded above.   A true copy.   Attest: Daniel Pike,
town clerk.   March, 22, 1839.

(Article in warrant dated March 1, 1841.)

Article 21. To see if the town will discontinue the road laid out in the spring of '39, leading from the new to the old Belfast road, over land of R. Williams *et als.*, agreeable to the petition of John A. Pettingill *et als.*

(Vote in the town meeting, March 8, 1841.)

Voted, that the road laid out in the spring of '39, from the new to the old Belfast road, over land of R. Williams *et als.*, be discontinued.

(Extract from journal of board of aldermen under date of June 25, 1859.)

Report of joint standing committee on new streets, to whom was referred the petition of Eben Baker *et als.* for a new street, was read and recommitted to the same committee, with instructions to report in a new draft and without damages. Sent down.

(Extract from aldermen's records under date of August 27, 1859.)

Report of committee on new streets, to whom was referred the petition of Eben Baker *et als.* for new street, was read and accepted. Sent down.

(From original paper already in evidence.)

In common council, August 27, 1859. Read and accepted in concurrence. Levi Page, clerk.

(Extract from aldermen's record of a meeting held April 28, 1860.)

Ordered, that the road laid out and established in 1859 by the city council, from the old Belfast road near Levi Hicks to the new Belfast road, be and the same is hereby discontinued, the owners of the land over which the same is laid, that adjoins said Belfast road, having both claimed damages on said Belfast roads, after having sold lots, which are occupied so that they cannot be shut in, it is not deemed necessary to retain the road if damages are to be paid. Read, passed, and sent down.

(Extract from records of common council under date of April 28, 1860.)

Ordered, that the road laid out in 1859 by the city council, from the old Belfast road near Levi Hicks to the new Belfast road, be and the same is hereby discontinued. Read and passed in concurrence.

(Extract from aldermen's records of proceedings under date of June 29, 1872.)

Ordered, that the street commissioner for the eastern district be and he hereby is authorized and directed to repair the road leading from the old Belfast road near the house of Levi Hicks to the new Belfast road, and cause the lines of said road to be run and monuments to be put up at the angles on the westerly side thereof.

(Extract from aldermen's records.)

Ordered, that the street commissioner for the eastern district repair the road leading from the north Belfast road to the south Belfast road, as laid out June, 1859, commencing near the house of Levi Hicks. Read, passed and sent down for concurrence.

(Extract from records of doings of common council under date of July 27, 1872.)

Petition of J. W. Patterson, representing that the street leading from the old to the new Belfast road, across the land of the heirs of Ruel Williams *et als.*, which was laid out in 1859 and not recorded by the city clerk, asks that the said street may be laid out anew, and that the city clerk may be directed to give notice of the intended laying out without referring the same to the committee on new streets. Read, and voted that the prayer of the petitioner be granted. Sent up for concurrence.

(Extract from the aldermen's records under date of July 27, 1872.)

Petition of J. W. Patterson, representing that the street leading from the old Belfast road to the new Belfast road, across land of the heirs of R. Williams *et als.*, which was laid out in '59, was not recorded by the city clerk, and in consequence thereof the order passed at the last meeting of the city council directing the street commissioner to have said road run out cannot be complied with. I therefore request that said street may be laid out anew, and that the city clerk be directed to give notice of the intended laying out without referring the same to the committee on new streets. Read, and voted that the prayer of the petitioner be granted.

(Extract from aldermen's records under date of June 25, 1874.

Ordered, that the committee on highways, in conjunction with the city solicitor, be and hereby are directed to investigate and ascertain what steps, if any, should be taken for the acceptance of the road that leads from the Belfast road, by and past the residence of Levi Hicks, to the south Belfast road; and also ascertain what, if any, damages had been done to the adjoining owners thereof, and report at the next regular meeting. Read and passed and sent down for concurrence.

(The above order appears on the records of the common council under the date of June 25, 1874, with the following endorsements, received from the board of aldermen. Read and passed in concurrence.

(Extract from records of common council under the date of December 31, 1874.)

The following reports were received from the board of aldermen: The report of the committee on highways and the city solicitor, who were directed to investigate and report what steps, if any, shall be taken for the acceptance of the road by and past the residence of Levi Hicks to the south Belfast road, and also to ascertain what, if any, damage has been done to the adjoining owners thereof, report that in 1859 said road was duly laid out by the city government; that in 1860 an order passed both branches of the city council discontinuing said road; since that time no road has been laid out at said place. There being no road laid out the question of damages did not come before the committee. Read and accepted in concurrence.

(Extract from records of board of aldermen under date of December 31, 1874.)

The following report was received: The committee on highways and the city solicitor, who were directed to investigate and report what steps, if any, should be taken for the acceptance of the road by and past the residence of Levi Hicks to the south Belfast road, and also to ascertain what, if any, damage has been done to the adjoining owners thereof, have attended to their duty, and report that in 1859 said road was duly laid out by the city government; that in 1860 an order passed both branches of the city council discontinuing said road; and your committee are of

opinion that said order as passed was a legal discontinuance of said road. Since that time (1860) no road has been laid at said place. There is, therefore, no public road laid out at that place at the present time. Proceedings will have to be begun anew to establish said road. There being no road the question of damages did not come before the committee. Read and accepted and sent down for concurrence.

Other facts appear in the opinion.

*L. Clay*, for the plaintiff.

*E. F. Pillsbury*, for the defendant, upon the discontinuance on town ways, cited R. S. 1871, c. 18, § 21. R. S. 1857, c. 18, § 20. R. S. 1841, c. 25, § 30. *State* v. *Bean*, 45 Maine, 606. By all these provisions towns can only discontinue " at a meeting called by warrant containing an article for the purpose." Here the city council undertook to discontinue without any notice whatever.

Damages follow on discontinuance as well as on location. Here was no notice to the land owner or the public, no opportunity to present claims for damages, and no estimation of damages. No legal discontinuance being made, the defendant, by virtue of his office, was authorized to make the repairs upon the way, and his justification is good.

APPLETON, C. J. This is an action of trespass *quare clausum fregit.* The title of the plaintiff is not denied, and the acts complained of are admitted.

The defendant justifies as street commissioner of the city of Augusta in repairing a town way under the direction of the city government.

The only question in dispute relates to the legality of the way where the trespass was committed.

In 1839 the town of Augusta located a way over the premises in controversy, which was discontinued at a town meeting held March 1, 1841. In 1859 there was a new location of the road, which, by vote of the common council and aldermen, was discontinued August 28, 1860.

By the charter of the city of Augusta, § 7, " The city council

shall have exclusive authority and power to lay out and establish any new street, public way, or town way, that the selectmen and town of Augusta could lay out and establish, and to widen, or otherwise alter or discontinue, any street or public way in said city, and to estimate the damages any individual may sustain by such laying, widening, alteration or discontinuance, and shall in all other respects be governed by and subject to the same rules and restrictions as are provided in the laws of this state regulating the laying out and repairing streets and public highways," and provision is made for an appeal by the party aggrieved.

It is objected that the discontinuance is void, because there was no determination as to damages, and nothing done on that subject; but this was held not to be necessary in *State* v. *Brewer*, 45 Maine, 607.

Nor was any previous action necessary on the part of the city. *Latham* v. *Wilton*, 23 Maine, 125.

Subsequently the question as to the existence of the road in question came before the city government, and it was voted in both branches " that, in 1859, said road was duly laid out by the city government; that, in 1860, an order passed both branches of the city council discontinuing said road; since that time no road has been laid out at said place."

No road is shown by a continued user of twenty years. By the discontinuance in 1860 all the rights of the public were at an end, and those of the plaintiff at once revived. Since 1860 there has not been sufficient time to establish a road by user.

The damages were not large.

*Judgment for plaintiff for* $25.

Walton, Danforth, Virgin and Peters, JJ., concurred.

Libbey, J., having once been of counsel, did not sit.