(December 23, 1911.)

## HULDAH A. CANADY, Appellant, v. COEUR D'ALENE LUMBER CO., a Foreign Corporation, and CITY OF COEUR D'ALENE, a Municipal Corporation, Respondents.

### [120 Pac. 830.]

MUNICIPAL CORPORATION—VACATION OF STREETS AND ALLEYS—POWER TO VACATE—VALIDITY OF ORDINANCES — ESTOPPEL — OBSTRUCTION OF STREETS—DAMAGES—ABUTTING PROPERTY OWNERS—PROPERTY NOT ABUTTING—STATUTORY CONSTRUCTION—STATUTE OF LIMITATIONS.

#### (Syllabus by the court.)

1.   Where by ordinance a town or village vacated certain streets and alleys in the year 1900, with the understanding that the C. Lumber Co. would establish and maintain a large lumber manufacturing establishment upon certain blocks owned by it in the city of C., and said company proceeded and expended in the establishment of said plant on said blocks and on parts of the streets vacated, over a hundred thousand dollars and the plaintiff had actual notice of the passage of such ordinances and the expenditures of money in the construction of said plant, and made no objection thereto until the commencement of this action on June 15, 1909, *held*, that she is estopped from maintaining this action.

2.   Under the provisions of subd. 27, par. 15, of sec. 2238, Rev. Codes, a municipality has the authority to create, open, widen or extend any streets, avenue, alley or lane or annul, vacate or dis-. continue such streets, alleys, etc., whenever it is deemed expedient for the public good.

3.   Whenever a street or alley is vacated or discontinued it reverts to the abutting property owner.

4.   A municipality in certain cases has the power to vacate portions of streets and alleys for the purpose of devoting such vacated streets or alleys to private uses.

5.   The right to vacate a street or a part thereof is largely in the discretion of the body possessing that power, and such body may determine as to the public convenience and necessity of such discontinuance, and where there has been no glaring informality or illegality in the proceedings, its judgment should not be disturbed.

6.   The proceedings in relation to the discontinuance or vacation of streets or alleys are not void on account of such board or body not having provided by ordinance some method or manner for de-

termining any damages that might occur to property owners because of such vacation or discontinuance.

7.  One whose property does not abut on the part of the street vacated by ordinance cannot maintain an action to enjoin the enforcement of the ordinance though he in common with others may be inconvenienced by such vacation.

8.  While such vacation may cause one to travel further and in a more circuitous route in order to get to the business portion of the city, that is an inconvenience different in degree only from that suffered by other persons, and it furnishes no ground for injunctive relief.

9.  One owning land not abutting on the part of the street vacated cannot recover damages, although such vacation may tend to lessen the value of his land.

10.  The general doctrine is that one cannot maintain a private action for loss or damage which he suffers in common with the rest of the community, even though his loss may be greater in degree.

11.  If the street so vacated or discontinued cuts off the property owner's ingress to or egress from his property, that would be a loss or damage not common to the rest of the community and he would have an action for the recovery of whatever damages he might sustain by reason of such vacation.

12.  *Held,* that this action is barred by the statute of limitations.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.    Hon. Robt. N. Dunn, Judge.

Action to have certain city ordinances declared null and void and for the removal of certain obstructions in streets, and to recover damages.    Judgment in favor of the defendants.    *Affirmed.*

Edwin McBee, and Gray & Knight, for Appellant.

It is not competent for a city to authorize such use of a street, dedicated as a street, as will destroy it as a thoroughfare for the public use. (*Dubach v. Hannibal,* 89 Mo. 483, 1 S. W. 86; *Belcher Sugar Ref. Co. v. St. Louis Grain El. Co.,* 82 Mo. 124; *Smith v. McDowell ex rel. Hall,* 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393.)

Streets, alleys and highways are held in trust for the public for public purposes and no other.    A common council has

no power to authorize the permanent possession of a public highway, street or alley for private purposes. (Smith on Mun. Corp., sec. 1287; *State v. Berdetta,* 73 Ind. 185, 38 Am. Rep. 117; *Sims v. City of Frankfort,* 79 Ind. 446; *Adams v. Ohio Falls Car Co.,* 131 Ind. 375, 31 N. E. 57; *Smith v. City of Leavenworth,* 15 Kan. 81; *Mikesell v. Durkee,* 34 Kan. 509, 9 Pac. 278; Rev. Codes, sec. 2238, subds. 26, 27, par. 15.)

The city council can grant no easement or right therein not of a public character. (*Snyder v. City of Mount Pulaski,* 176 Ill. 397, 52 N. E. 62, 44 L. R. A. 407; *Field v. Barling,* 149 Ill. 556, 41 Am. St. 311, 37 N. E. 850, 24 L. R. A. 406; *Hibbard v. City of Chicago,* 173 Ill. 91, 50 N. E. 256, 40 L. R. A. 621.)

While the council or other municipal authority is vested with discretion, which is not ordinarily subject to review, yet it is not authorized to act arbitrarily or vacate a street for private purposes. (*Cicero Lumber Co. v. Town of Cicero,* 176 Ill. 9, 68 Am. St. 155, 51 N. E. 758, 42 L. R. A. 696; *Marine Ins. Co. v. St. Louis I. M. & S. Ry. Co.,* 41 Fed. 643.)

There are no streets or highways by which plaintiff's property can be approached excepting those mentioned in the complaint, and which are blockaded by the defendants. By the maintenance of this blockade plaintiff is deprived of a constitutional right, and her property is being confiscated. This cannot legally be done either by executive decree, legislative enactment or judicial interpretation. (*Village of Sandpoint v. Doyle,* 14 Ida. 749, 95 Pac. 749, 17 L. R. A., N. S., 497; *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac. 81; *Cincinnati etc. Co. v. Cumminsville,* 14 Ohio St. 523; *Crawford v. Delaware,* 7 Ohio St. 460; *Pearsall v. Eaton County,* 74 Mich. 558, 42 N. W. 77, 4 L. R. A. 193; *Elizabethtown L. & B. S. R. Co. v. Catlettsburg Water Co.,* 110 Ky. 175, 61 S. W. 47; *Rochette v. Chicago M. & St. P. R. Co.,* 32 Minn. 201, 20 N. W. 140; *Pennsylvania Co. v. Stanley,* 10 Ind. App. 421, 37 N. E. 288, 38 N. E. 421; *Ridgway v. City of Osceola,* 139 Iowa, 590, 117 N. W. 974; *Long v. Wilson,* 119 Iowa, 267, 97 Am. St. 315, 93 N. W. 282, 60 L. R. A.

720; *Dana v. Rock Creek R. Co.*, 7 App. D. C. 482; *Houston v. Kleinecke* (Tex. Civ. App.), 26 S. W. 250.)

The plain statutory provisions of our law requiring that before streets can be vacated means must be provided by ordinance whereby property owners can be compensated for injuries which they have sustained were not complied with, and no pretense of such compliance was made. (*Vanderburgh v. City of Minneapolis*, 98 Minn. 329, 108 N. W. 480, 6 L. R. A., N. S., 741; *Transylvania University v. Lexington*, 3 B. Mon. (Ky.) 25, 38 Am. Dec. 173; *Moose v. Carson*, 104 N. C. 431, 17 Am. St. 681, 10 S. E. 689, 7 L. R. A. 548; *Whitsett v. Union Depot & R. Co.*, 10 Colo. 243, 15 Pac. 339; *Gray v. Iowa Land Co.*, 26 Iowa, 387; *Moffit v. Brainard*, 92 Iowa, 122, 60 N. W. 226, 26 L. R. A. 823; *Glasgow v. St. Louis*, 107 Mo. 202, 17 S. W. 743.)

The complaint states special injuries in which the public would not necessarily share or sustain, and states facts sufficient to authorize the plaintiff, a private person, to maintain an action to abate such nuisance. (*Stricker v. Hillis*, 15 Ida. 709, 99 Pac. 831, 17 Ida. 646, 106 Pac. 1128; *O'Brien v. Central Iron & Steel Co.*, 158 Ind. 218, 92 Am. St. 305, 63 N. E. 302, 57 L. R. A. 508; *In re Ruscomb St.*, 33 Pa. Super. Ct. 148; 2 Am. Dig. 1907, B. P. 1852.)

If the municipality had the right to vacate the streets under the statute, by the very terms of the provisions authorizing the vacation it is liable to the plaintiff for the injuries she may sustain by reason of the vacation. (*Vanderburgh v. City of Minneapolis, supra; Phelps v. City of Detroit*, 120 Mich. 447, 79 N. W. 640; *Railroad Co. v. Heisel*, 47 Mich. 393, 11 N. W. 212; *Pearsall v. Board of Supervisors*, 74 Mich. 558, 42 N. W. 77, 4 L. R. A. 193; *City of Lewiston v. Booth*, 3 Ida. 692, 34 Pac. 809; 2 Pomeroy Eq. Jur., No. 817; *Eble v. State*, 77 Kan. 179, 127 Am. St. 412, 93 Pac. 803.)

R. E. McFarland, C. L. Heitman, and R. L. Black, for Respondents.

The action of municipal authority in passing these ordinances was the exercise of a legislative discretionary power,

and in the absence of any abuse thereof, such action will not be interfered with by the courts. The exercise of such power is not subject to judicial control. (McQuillin Mun. Ord., sec. 519; *Brown v. Supervisors,* 124 Cal. 274, 57 Pac. 82; 2 Abbott Mun. Corp. 1274, 1275; 3 Abbott Mun. Corp., 2499, 2513.)

The question of public utility and public polity is for the municipal authority alone to determine, and no evidence on this point is admissible. (Elliott, Roads and Streets, 665; *Whetton v. Clayton,* 111 Ind. 360, 12 N. E. 513; *Lathrop v. Railroad,* 69 Iowa, 105, 28 N. W. 465; Cooley Const. Lim., 5th ed., 225; *Glasgow v. St. Louis,* 107 Mo. 198, 17 S. W. 743; *Heinrich v. St. Louis,* 125 Mo. 424, 46 Am. St. 490, 28 S. W. 626; *Soon Hing v. Crowley,* 113 U. S. 703, 5 Sup. Ct. 730, 28 L. ed. 1145.)

Upon a discontinuance of vacation of a street, the ground covered by the street reverts to the owner of adjacent fee. (Elliott, Roads and Streets, 670.)

The validity of the ordinance of vacation does not depend upon an assessment of damages. (*Brown v. Supervisor,* 124 Cal. 274, 57 Pac. 82; *Am. Bank Note Co. v. Railroad,* 129 N. Y. 252, 29 N. E. 302; *Davis v. Commissioners,* 153 Mass. 218, 26 N. E. 848, 11 L. R. A. 750; *Radcliff's Exrs. v. Mayor,* 4 N. Y. 208, 53 Am. Dec. 357; *Railway Co. v. Domke,* 11 Colo. 247, 17 Pac. 777.)

The municipality had the power to vacate these streets, and it is immaterial that the vacation was made for the purpose of devoting the vacated street or alley to private uses. (*Enders v. Friday,* 78 Neb. 510, 111 N. W. 140, 15 Ann. Cas. 685; *Knapp, Stout & Co. v. St. Louis,* 156 Mo. 343, 56 S. W. 1102, and cases cited; *Marshalltown v. Forney,* 61 Iowa, 578, 16 N. W. 740; *Whitsett v. Union Depot & R. Co.,* 10 Colo. 243, 15 Pac. 339.)

The appellant cannot complain of the vacation made by the several ordinances unless her property abuts on the part of the street vacated. (*Cummings Realty & Inv. Co. v. Deere & Co.,* 208 Mo. 66, 106 S. W. 496, 14 L. R. A., N. S., 822; Elliott, Roads and Streets, 2d ed., sec. 878; *Kimball v.*

*Homan,* 74 Mich. 699, 42 N. W. 167; *Castle v. County of Berkshire,* 11 Gray (Mass.), 26; *State v. Elizabeth,* 54 N. J. L. 462, 24 Atl. 495; *Meyer v. City of Richmond,* 172 U. S. 82, 19 Sup. Ct. 106, 43 L. ed. 374; 1 Lewis, Eminent Domain, sec. 227.)

Ordinarily one cannot maintain a private action for loss or damage which he suffers in common with the rest of the community, even though his loss may be greater in degree. (*Davis v. County Commrs.,* 153 Mass. 218, 26 N. E. 848, 11 L. R. A. 750; *Heller v. Atchison R. R. Co.,* 28 Kan. 625; *Chicago v. Union Bldg. Assn.,* 102 Ill. 379, 40 Am. Rep. 598; *Littler v. City of Lincoln,* 106 Ill. 353; *Chicago v. Burcky,* 158 Ill. 103, 49 Am. St. 142, 42 N. E. 178, 29 L. R. A. 569; *Smith v. Boston,* 7 Cush. (Mass.) 254; *Castle v. Berkshire,* 11 Gray (Mass.), 26.)

The fact that appellant has to travel a more circuitous route to reach the city than if First street had not been vacated in part does not affect this case or give her a right of action against either of these respondents. (*People v. Supervisors,* 20 Mich. 95; *Gerhard v. Seekonk,* 15 R. I. 334, 5 Atl. 199; *Ridgway v. Osceola,* 139 Iowa, 590, 117 N. W. 974; *Fire Ins. Co. v. Stevens,* 101 N. Y. 411, 5 N. E. 353; *East St. Louis v. O'Flynn,* 119 Ill. 200, 10 N. E. 395, 59 Am. Rep. 795; *Dantzer v. Indianapolis Union Ry. Co.,* 141 Ind. 604, 50 Am. St. 343, 39 N. E. 223, 34 L. R. A. 769.)

The claim of appellant in the case at bar is one of a public nature in which she seeks to enforce a claim in which she has no other right or interest than that which belongs to her in common with the whole public. (*Smith v. Railway,* 39 Wash. 355, 109 Am. St. 889, 81 Pac. 840, 70 L. R. A. 1018, citing many cases; *Houck v. Wachter,* 34 Md. 265, 6 Am. Rep. 332.)

Appellant's alleged cause of action is barred by the provisions of sec. 4054, subd. 1, and secs. 4037, 4038 and 4060, Rev. Codes.

Appellant, under the circumstances, has been guilty of such negligence and laches that she is barred from any relief,

either in equity or law, which she may have had. (*De Geofroy v. Bridge Terminal Ry. Co.*, 179 Mo. 698, 101 Am. St. 524, 79 S. W. 386, 64 L. R. A. 959; *Howard Co. v. Chicago & A. & R. Co.*, 130 Mo. 652, 32 S. W. 651; *James v. Kansas*, 83 Mo. 567; *Smith v. Sedalia Ry.*, 152 Mo. 283, 53 S. W. 907, 48 L. R. A. 711; *Logansport v. Uhl*, 99 Ind. 531, 49 Am. Rep. 109.)

SULLIVAN, J.—This action was commenced on the 15th day of June, 1909, for the purpose of having ordinances 71, 75 and 115 of the city of Coeur d'Alene declared null and void, and to compel the defendants to remove certain obstructions from the streets vacated by said ordinances, and to have respondents enjoined from obstructing the said streets in the future, and for damages in the sum of $25,000 alleged to have been suffered by reason of the maintenance of said obstructions placed in said streets and alleys by the lumber company.

Said ordinances were enacted for the purpose of vacating and discontinuing parts of certain streets and alleys in said city and to grant a franchise for a railroad on certain streets and alleys. Said ordinance No. 71 was approved March 10, 1900; No. 75 was approved November 6, 1900, and No. 115 was approved March 29, 1905. By the provisions of ordinance No. 75 the Coeur d'Alene Lumber Company, which was a domestic corporation, and its assigns were granted a franchise to build and maintain a railroad in certain streets of said city, also the exclusive right to the use of part of Water street and a part of certain other streets in said city Said franchise was granted for a period of twenty-five years for the purpose of establishing a sawmill, planing-mill and lumber-yard on blocks Y, Z and Shore in said city. Ordinance No. 115, among other things, vacated and discontinued parts of other streets and alleys in said town.

In said ordinance No. 75 it is provided as follows:

"The said Coeur d'Alene Lumber Company, Limited, its successors and assigns, shall and will complete the erection and construction of the sawmill now located at or near said

Lake Avenue in said Coeur d'Alene City, and have the same in operation cutting and sawing and manufacturing logs into lumber within sixty days after the passage and approval of this ordinance, and the said Coeur d'Alene Lumber Company further agrees in consideration of the granting of this franchise to continue to operate said mill during the terms of this franchise, unless prevented by fire or the elements, and if the said Coeur d'Alene Lumber Company, Limited, its successors and assigns, fail or cease to operate said mill for a period of twelve months at any one time during the term of this franchise, then and in that event this franchise to cease and to be null and void and of no force and effect.''

It appears that a sawmill had already been erected in said city on a part of the land on which said lumber plant is now situated, at the date of the approval of said ordinance No. 75, to wit, November 6, 1900.

The fifth section of ordinance No. 115 contains the following provision:

''And the said Coeur d'Alene Lumber Company, its successors and assigns, further agrees in consideration of the granting of this ordinance, to continue to operate a lumber manufacturing plant on the premises covered by this ordinance, during the term of this vacation, unless prevented by fire or the elements, and if the said Coeur d'Alene Lumber Company, its successors and assigns, fail or cease to operate said lumber manufacturing plant for the period of twelve months at any one time, then and in that event this ordinance to cease and to be null and void and of no force and effect.''

That refers to the continued operation of said lumber manufacturing plant, the object being to establish in said city a great lumber manufacturing plant.

It appears from the record that the Coeur d'Alene Lumber Company, Limited, which was an Idaho corporation, erected a part of said lumber plant at least nine years prior to the approval of said ordinance No. 75 and about eighteen years prior to the commencement of this action, and thereafter the Coeur d'Alene Lumber Company, a foreign corpora-

tion, which was organized under the laws of the state of Washington on February 19, 1904, succeeded the Idaho corporation and enlarged said lumber plant and expended over $100,000 on said plant. That plant is located on blocks Y, Z and Shore in said city of Coeur d'Alene, and on part of the streets so vacated, said Shore block being a "made" block by filling in a portion of Lake Coeur d'Alene.

It appears that one Tony A. Tubbs, who was at that time the husband of appellant herein, owned certain lands bordering on or near to said blocks Y, Z and Shore, said blocks being between the business part of the city of Coeur d'Alene and the said Tubbs' land; that Tubbs had a portion of his said land platted into five blocks, numbered respectively from 1 to 5. This appellant succeeded to the interest of said Tubbs in said blocks and lands and brings this action to compel said lumber company to vacate the streets and alleys which were vacated and discontinued by the enactment of said ordinances, for damages and other relief. The defendants filed separate answers in which they denied that plaintiff was in any way damaged by said streets and alleys being vacated; denied that plaintiff's land was at the time of the passage of said ordinance within the limits of said city, and also plead the statute of limitations and an estoppel.

Upon the issues thus made by the pleadings, at the close of plaintiff's evidence a nonsuit was granted on motion of the defendants, who are respondents here, and judgment of dismissal was entered. A motion for a new trial was denied and the appeal is from the judgment and said order.

On the trial the plaintiff offered evidence to prove that said blocks 1, 2, 3, 4 and 5, platted by said Tony A. Tubbs, were a part of the town or village of Coeur d'Alene as first incorporated, and that they were a part of said city at the time said ordinances were enacted. Much of the evidence offered to prove that fact was rejected by the court and the action of the court in that regard is assigned as error. But from our view of the case, it will be unnecessary for us to pass upon all of the errors assigned in regard to the rejection of such testimony. Conceding that said Tubbs' Addi-

tion was a part of the town, village or city of Coeur d'Alene at the dates said ordinances were passed, the question is directly presented whether the plaintiff, under the facts of this case, can recover in this action. Two of said ordinances were passed in the year 1900, about nine years before this action was commenced, and after the lumber company was proceeding with its operations in establishing its plant and manufacturing lumber and had established on said blocks Y, Z and Shore and on parts of the streets so vacated an extensive and costly lumber plant more than five years prior to the commencement of this action, and without objection from appellant, she having actual notice of the enactment of said ordinances and of the erection of said plant, as a sawmill had been operated on said blocks Y, and Z since 1891. It is evident that an opening of said streets would now result in almost if not a total destruction of said lumber manufacturing plant, which was erected with the knowledge, permission and consent of the city, under and by virtue of the permission granted by said ordinances. Under the facts of this case appellant should have acted promptly if she considered that her rights were invaded by the passage of said ordinances and the erection of said sawmill, planing-mill, etc., and not stood passively by and permitted such a large expenditure of money and made no objection to the closing and vacating of said streets and alleys.

It is contended that the court erred in refusing to permit the appellant to prove that prior to the passage of such ordinance no petition had been circulated as required by the provisions of sec. 2242, Rev. Codes, and prior to the passage of such ordinance no ordinance had been passed providing a means whereby damages sustained by the citizens of Coeur d'Alene could be ascertained, as required by the provisions of subd. 27 of par. 15 of sec. 2238. Said subd. 27 gives the municipality the authority to "create, open, widen, or extend any street, avenue, alley or lane, or annul, vacate or discontinue the same whenever deemed expedient for public good. . . . . ''

Sec. 2243, Rev. Codes, provides as follows:

"In all cases where any street, highway, avenue, alley or lane in any incorporated city, town, or village, shall have been or shall hereafter be annulled, vacated, or discontinued, the mayor and common council of such city, or the board of trustees of such town or village, may, by ordinance, dispose of the part or portion of such street, highway, avenue, alley or lane so vacated, annulled, or discontinued, and may direct a conveyance thereof to be executed by the mayor of such city, or the chairman of the board of trustees of such town or village, to the person named in such ordinance; and such deed, when so executed and delivered, shall operate to convey a good and valid title in and to the said premises to the person named therein. This section shall apply to all cities, towns and villages, whether incorporated under special or general laws."

Said section provides for the disposal or sale of the portion of the street, alley, etc., vacated, and the conveyance thereof to the purchaser. However, in the case at bar, as the lumber company owned all the lands on both sides of said First street where vacated, it was not necessary for the mayor and the chairman of the board of trustees to convey to anyone the streets so vacated, as the title to the ground covered by such vacated street by act and operation of law became vested in the respondent, the lumber company, it being the owner on both sides of said street.

Sec. 2242, Rev. Codes, provides, among other things, that the city shall have power by ordinance to sell and convey all public squares, streets or alleys within the city or village, provided a petition containing the signatures of three-fourths of the property-holders be presented to the city council, etc. We do not understand this to be a case where the city has sought to sell and convey the streets and alleys within the city, and said section has no application to cases where the municipal authority exercises the power granted by subdivisions 26 and 27 of paragraph 15 of section 2238. Said subd. 26 provides, among other things, that whenever any street, alley, avenue or lane shall be vacated, the same shall revert to the owner of the adjacent real estate, one-half on each side

thereof. The municipality no doubt had the power to vacate said streets, and it is immaterial that such vacation was made for the purpose of devoting the vacated street or alley to private uses.

In *Knapp, Stout & Co. v. St. Louis,* 156 Mo. 343, 56 S. W. 1102, it was said: "The vacation of a portion of a street by a municipality at the instigation of a private corporation that the corporation may use such vacated portion in the extension of their premises is not such a fraud as will authorize the courts to invalidate the ordinance." (See, also, *City of Marshalltown v. Forney,* 61 Iowa, 578, 16 N. W. 740.)

Even if we concede that the city failed to provide by ordinance the method or manner of ascertaining damages sustained by the citizens of a city or village and that it was necessary for it to do so, such failure would not prohibit the citizen from bringing his proper action to recover whatever damages he might have sustained that were recoverable in an action for the vacation or discontinuance of a street or alley.

It was held in *Village of Bellevue v. Bellevue Imp. Co.,* 65 Neb. 52, 90 N. W. 1002, that if vacation proceedings were had by a village board at the instance and request and primarily for the benefit of certain owners whose property would be benefited by such vacation, that that is no ground for declaring the vacation ordinance void. The Nebraska statute cited in the Bellevue case, *supra,* is substantially the same as that of the state of Idaho relative to the vacation of its streets and vacation proceedings.

It was held in *Whitsett v. Union Depot & R. R. Co.,* 10 Colo. 243, 15 Pac. 339, that the city council had the right to provide for the use to be made of the street when vacated, with due regard to private and public rights.

The right to vacate a street or a part thereof, as a rule, is in the discretion of the body possessing the power. It is generally left with the discretion of the body possessing the power to vacate to determine as to the public convenience and necessity for such discontinuance, and where there has been no glaring informality or illegality in the proceedings, its judgments should not be disturbed, nor are the proceedings

in relation to the discontinuance of such ways vacated on account of there being no determination in relation to damages and nothing done on that subject. (See Modern Law of Municipal Corporations, by Smith, secs. 1283, 1284; *Inhabitants v. County Commrs.*, 49 Me. 143; *Hicks v. Ward*, 69 Me. 436.)

The next question presented is that as the appellant is not an abutting owner on either of the parts of the streets or alleys vacated and discontinued, she therefore cannot maintain this action to enjoin enforcement of such ordinances, though she, in common with others, may be inconvenienced by the enforcement of such ordinances and compelled to travel farther to get to the business portion of the city. Young avenue, formerly Coeur d'Alene avenue, extends along the northerly side of block 1 of said Tubbs' Addition, and First street extends along the easterly side of said blocks 1, 2, 3, 4 and 5 of Tubbs' Addition, and no part of said avenue or street has been vacated or discontinued that borders on said blocks.

It was held in *Cummings Realty & Inv. Co. v. Deere & Co.*, 208 Mo. 66, 106 S. W. 496, 14 L. R. A., N. S., 822, that one whose property does not abut on the part of the street vacated by a valid ordinance under a power in the city charter, may not maintain an action to enjoin enforcement of the ordinance, though he, in common with all others, may be inconvenienced by the enforcement of the ordinance.

In *Glasgow v. St. Louis*, 107 Mo. 198, 17 S. W. 743, it is said: "There is no doubt but a property owner has an easement in a street upon which property abuts which is special to him, and should be protected; but here the plaintiffs own no property fronting or abutting on the part of the street which was vacated. Their property is surrounded by streets not touched or affected by the vacating ordinance. They will be obliged to go a little farther to reach Twelfth street, but that is an inconvenience different in degree only from that suffered by all other persons, and it furnishes no ground whatever for injunctive relief."

In *Knapp, Stout & Co. v. St. Louis*, 153 Mo. 560, 55 S. W. 104, the court said: "Moreover, to entitle plaintiff to relief

as an adjoining proprietor, it devolved upon it to allege and prove that it owned property fronting or abutting on the part of the street which the ordinance in question vacated.''

It is stated in Elliott on Roads and Streets, 2d ed., sec. 878, as follows:

''Owners of lands abutting on neighboring streets, or upon other parts of the same street, are not, however, entitled to damages, notwithstanding the value of their lands may be lessened by its vacation or discontinuance.'' (*Heller v. Atchison etc. R. R. Co.*; 28 Kan. 625; *Dantzer v. Indianapolis U. Ry. Co.*, 141 Ind. 604, 50 Am. St. 343, 39 N. E. 223, 34 L. R. A. 769; *Meyer v. City of Richmond*, 172 U. S. 82, 19 Sup. Ct. 106, 43 L. ed. 374; 1 Lewis on Eminent Domain, sec. 227.)

There is no allegation in appellant's complaint, nor any evidence introduced, that any of the property owned by her involved in this action abuts upon any of the parts of streets vacated by said ordinance.

In *Davis v. County Commissioners*, 153 Mass. 218, 26 N. E. 848, 11 L. R. A. 750, the court said:

''The general doctrine is familiar, that, ordinarily, one cannot maintain a private action for a loss or damage which he suffers in common with the rest of the community, even though his loss may be greater in degree.''

In *Heller v. Atchison etc. R. R. Co.*, 28 Kan. 625, the court said:

''The full width of the street in front and on the side is free and undisturbed, and the only real complaint is, that by the vacating of the street away from her lots the course of travel is changed. But this is only an indirect result.''

It was held in *City of Chicago v. Union Bldg. Assn.*, 102 Ill. 379, 40 Am. Rep. 598, that for any act obstructing a public and common right, no private action will lie for damages of the same kind as those sustained by the general public, although in a much greater degree than any other person.

In *Stricker v. Hillis*, 17 Ida. 646, 106 Pac. 1128, this court held that where by reason of an obstruction in a public high-

way an individual has suffered a loss not common to the public and in which the public do not share, he may maintain an action for such injury.

A property owner has no cause of action against a municipality for damages to his or her property by the vacation of a public highway, where no part of his property abuts upon the portion of the highway vacated, with the two exceptions: First. Where a property owner owns property situated on a street sometimes called a court, opening only at one end, and the authorities of the city or town decide upon a discontinuance or a vacation of the street into which the court or stub of the street enters, then, although no part of the property upon the court would abut upon the street vacated, still his means of access to and egress from his property would be cut off, and of course his property damaged and he would have a good cause of action against the municipality. Second. If a person owned a tract of land connected by a private way or easement to a public highway, and the authorities should vacate the highway, then he would lose the benefit of his estate or be compelled to open a way at his own expense which would be direct and tangible damage, and he would have a right of recovery. (*Littler v. City of Lincoln*, 106 Ill. 353; *City of Chicago v. Burcky*, 158 Ill. 103, 49 Am. St. 142, 42 N. E. 178, 29 L. R. A. 569.)

The overwhelming weight of authority supports the above views upon the question here involved. (See, also, Dill. Mun. Corp., 3d ed., sec. 730; *Rude v. St. Louis*, 93 Mo. 408, 6 S. W. 257; *Thayer v. Boston*, 19 Pick. 511, 31 Am. Dec. 157; *Stetson v. Faxon*, 19 Pick. 147, 31 Am. Dec. 123; *Coster v. Albany*, 43 N. Y. 399; *Fearing v. Irwin*, 55 N. Y. 486; *Brown v. Supervisors*, 124 Cal. 274, 57 Pac. 82; *Austin v. Augusta Co.*, 108 Ga. 671, 34 S. E. 852, 47 L. R. A. 755; Lewis on Eminent Domain, 2d ed., sec. 236.)

In *Smith v. Boston*, 7 Cush. (Mass.) 254, it was held that the discontinuance of a part of a street in a city where the value of the lands abutting on other parts of the streets is lessened is not a ground of action against the city by the

owner of such lands, if the same are still accessible by other streets.

The fact that appellant has to travel further and a more circuitous route to reach the city than if First street had not been vacated in part does not of itself give her a right of action in this case. (*People v. Supervisors,* 20 Mich. 95; *Gerhart v. Seekonk,* 15 R. I. 334, 5 Atl. 199; *Ridgway v. Osceola,* 139 Iowa, 590, 117 N. W. 974; *Fire Ins. Co. v. Stevens,* 101 N. Y. 411, 5 N. E. 353; *City of East St. Louis v. O'Flynn,* 119 Ill. 200, 10 N. E. 395; also 59 Am. Rep. 795.)

Upon the authority of the cases above cited, if the appellant were not an abutting property owner on any part of the streets which were vacated or alleged to be obstructed, she could not, without showing some damage, special or peculiar to herself, maintain an action to remove such obstruction or to recover damages for the obstruction. Young avenue, formerly Coeur d'Alene avenue, provides a means of access to appellant's property and egress therefrom, though by that route she is inconvenienced by having to travel further to get to the business portion of the city; but this is an inconvenience common to all others, as it is a damage of the same kind as that sustained by the general public, although on her part it may be greater in degree. The appellant does not allege in her complaint, nor does the evidence show her to be the owner of any property abutting upon any part of the vacated streets, and she does not bring herself within the two exceptions above stated. It is true it is alleged that Tubbs' Addition, by reason of its elevation and steepness of approach, renders appellant's premises wholly inaccessible from the remaining portion of the city of Coeur d'Alene except on First street. Said First street is not vacated where it passes along appellant's said blocks and is not vacated south of the alley running through blocks P, O, M and N of said city, which alley is at least a half block north of the south end of said Tubbs' tract. The complaint does not allege, as we understand it, that appellant is cut off from Coeur d'Alene City by reason of the nonexistence of another or other

streets by reason of the elevation and steepness of the approaches to Tubbs' addition and the appellant's lands. It was contended on the oral argument that the plaintiff would have to travel on Young or Pine avenue three or four blocks farther east than would be necessary for her to travel if said First street had not been vacated. But the fact of having to travel further in order to get to the business portion of the city is not a ground for holding said ordinances void or to entitle the plaintiff to damages, as clearly shown by the authorities above cited.

It is next contended that appellant's cause of action, if she had one, was barred by the statute of limitations, subd. 1 of sec. 4054 and secs. 4037, 4038 and 4060, Rev. Codes. We think under the facts of this case that this action is barred by the statute of limitations, and that this action should have been brought at least within five years from the date such cause of action arose. We think it sufficiently appears that appellant sat by when ordinances Nos. 71 and 75 were passed in 1900, and more than nine years before this action was commenced, and made no complaint of any damages having been sustained to her property by reason of said ordinances and the vacation of the streets. And again in 1905 when ordinance No. 115 was passed she made no protest or objection of any kind. She knew that the Coeur d'Alene Lumber Co. was expending a great deal of money in establishing its lumber plant upon said blocks and a portion of one of the streets, and made no protest of any kind whatever to the city and made no claim for damages to her property as resulting from the passage of said ordinances. The first time she complained of damage to her property, so far as the record shows, was when she commenced this action June 15, 1909. (*Howard Co. v. Chicago & A. R. Co.*, 130 Mo. 652, 32 S. W. 651; *City of Logansport v. Uhl*, 99 Ind. 531, 49 Am. Rep. 109.)

We therefore conclude that the court did not err in granting a nonsuit at the close of plaintiff's evidence and entering a judgment of dismissal. Said judgment must be affirmed

and it is so ordered, with costs of this appeal in favor of respondents.

Stewart, C. J., and Ailshie, J., concur.

Petition for rehearing denied.