FRIENDSHIP FIRE COMPANY, No. 1; HENRY HINGER, a citizen and taxpayer of the City of Wilmington; and FRIENDSHIP FIRE COMPANY, No. 1, an abutting owner on Hamilton Court, etc.

*vs.*

WILMINGTON AUTOMOBILE COMPANY; THE MAYOR AND COUNCIL OF WILMINGTON; and GEORGE W. SPARKS, CHARLES F. RUDOLPH and ANDREW L. JOHNSON, constituting and composing the Board of Directors of the Street and Sewer Department of the City of Wilmington.

### *New Castle, March 16, 1920.*

A fire company owning property abutting on a street was not entitled to enjoin the vacation of an end of the street opening on a four-foot alley, the only injury resulting being that it would have less room in which to wash its vehicles and loss of the right to use the alley at the closed end of the street.

Benefit to one who applies for the vacation of a street does not of itself constitute fraud or an abuse of this action.

Motive of applicant to vacate a street to benefit an abutting owner does not invalidate the proceeding.

Where a street was vacated by a judicial tribunal, the purpose and motive of the person who instituted the proceedings was immaterial, and it is no ground to invalidate such a proceeding that the city authorities, believing the street might be vacated without injury to the public or any private citizen, and that it would benefit the owner of land abutting on both sides of the designated street, did, pursuant to an arrangement with such abutting owner, institute vacation proceedings in a judicial tribunal, and, after the court had ordered the vacation, sold to the abutting owner the vacated part of the street the title to which was in the city.

BILL IN EQUITY to annul proceedings taken in the Court of· General Sessions of the State of Delaware, in and for New Castle County, to vacate a portion of Friendship Street (formerly called Hamilton Court), a public thoroughfare of the City of Wilmington. The cause was heard on bill, answer, testimony of witnesses and exhibits. The facts are sufficiently stated in the opinion of the Chancellor.

*George Lodge* and *Robert G. Harman,* for complainants.

*Robert H. Richards,* for defendant Wilmington Automobile Co.

*John W. Huxley, Jr.,* City Solicitor, for the Mayor and Council of Wilmington and Board of Directors of the Street and Sewer Department of the City of Wilmington.

THE CHANCELLOR. Friendship Fire Company owns a lot on the northeast corner of Tatnall Street and Hamilton Court, or Friendship Street, in Wilmington, on which is erected their engine house, and by its bill seeks to annul a proceeding heretofore taken to vacate a part of Hamilton Court. This court is a public street of the city thirty feet wide, and originally extended easterly about one hundred and sixty feet to a small alley four feet wide running north and south between Tenth and Eleventh Streets. It was, then, a cul-de-sac for all purposes except its use by pedestrians who might go through it to the alley and thence to Tenth Street or Eleventh Street, unless impeded by obstruction in the alley. The title to the court was in the city. The Wilmington Automobile Company owned land on the north and south sides of the court at the easterly end adjoining the alley, and occupied both parcels in its business. Desiring to use the easterly end of the court the Wilmington Automobile Company asked the Board of Directors of the Street and Sewer Department of the City of Wilmington, which department had sole jurisdiction of the streets of the city, to take steps to have vacated the easterly end up to the easterly line of the Friendship Fire Company's property, a distance of about sixty-five feet, and offered to buy at a fair valuation the land from the city when the power to dispose thereof free of the public user should revert to the city. Consent to the vacation was also obtained from the only other owner of land abutting on the street at the rear end thereof.

Thereupon the Board of Directors of the Street and Sewer Department adopted a resolution reciting the wishes of the Wilmington Automobile Company to occupy part of the street so as to connect its two buildings; that the Board deemed such an improvement would be a benefit to an established industry, and would not injuriously affect the city or the rights of any citizen, and decided to institute vacation proceedings, the Wilmington Automobile Company to pay all costs and damages, and pay the city for the land.

Later a petition was made by the Board to the Court of General Sessions, which has sole jurisdiction of vacating highways in the city or county, stating that the Board deemed it advisable to vacate the designated portion of the street (called in the proceeding Friendship Street), showed that it had given the public notice required by law, and asked for the appointment of freeholders. This was done, hearings had before the freeholders, at which the Friendship Fire Company was represented by counsel in opposition to the vacation; and the freeholders returned to the court a finding that the designated part of the street was "unnecessary and ought to be vacated," and also that the Wilmington Automobile Company might inclose the vacated lot. These findings were as to the only matters submitted to the freeholders by the Court, or which under the statute could have been submitted to them. This return was approved and confirmed by the court on July 9, 1917. Afterwards the land vacated was conveyed to the Wilmington Automobile Company, the vacated portion of the street obliterated from the city map, and the conveyance was ratified by the City Council.

No application was made to the Court to review the finding, or other proceeding taken, until this suit was filed. About a month after the conveyance the Wilmington Automobile Company built a wall across the street to connect its two buildings.

By the bill it is asserted that the vacating of part of the street was done for the sole private use and benefit of the Wilmington Automobile Company, and for no public use, and was therefore unlawful, and a mandatory injunction was asked for requiring the tearing down of the wall and removal of all obstructions to the street.

The building of the complainant was used to house its fire apparatus and by its members, and testimony was offered to show that the members of the Fire Company had used Hamilton Court for washing the apparatus and since the easterly end had been taken did not have as much space for the purpose as theretofore. There was no other testimony of importance for the purpose of showing injury to the complainants, special or otherwise, and none that the accessibility of the premises was lessened. No portion of the street in front of the land of the Fire Company was vacated.

An obvious obstacle to giving relief to the complainants is the trifling character of any injury done to the complainants by th vacation proceedings. No evidence was given of any inconvenience to Hinger, one of the complainants. The inconvenience to the Fire Company consisted entirely of a curtailment of the space in Hamilton Court available for the purpose of washing the fire apparatus, though there was sufficient space left for the purpose. The inconvenience resulting from cutting off access to the four-foot alley was trifling. Cases wherein it has been held that special injury must be shown, if authority therefor is needed, are *Parker v. Catholic Bishop*, 146 *Ill.* 158, 168, 34 *N. E.* 473; *Canady v. Lumber Co.*, 21 *Idaho*, 77, 120 *Pac.* 830; *Harrison, etc., Co. v. Crucible, etc., Co.*, 82 *N. J. Eq.* 414, 89 *Atl.* 41, 44 (1913). Not only was there no such injury to the complainants as gave them a right to injunctive relief in this court, but it was not a valid objection to the vacation proceedings that they were taken by the city at the request of, and for the benefit of, the abutting owner.

It is not at all clear from the authorities that the proposition of law urged by the solicitors for the complainants is sound, viz. that the motives of the vacating body may be inquired into if there be no fraud, or a plain abuse of power and discretion, or improper collusion. The effect of the purpose and motives for vacating a street, and the power of courts to investigate the motives, are discussed in 3 *McQuillin on Municipal Corporations*, § 1403, and the inharmonious variety of rules established in various courts is discussed, and the author thus expresses his view of the true rule:

"The true rule seems to be that a municipality cannot vacate a street or a part thereof for the sole purpose of benefiting an abutting owner, and that

the power to vacate streets cannot be exercised in an arbitrary manner, without regard to the interest and convenience of the public or individual rights, but that the municipality may vacate a street on the petition of an abutter for his benefit where the vacation is also for the benefit of the municipality at large, i. e., where the use to which the vacated part of the street is to be put is of more benefit to the community than the retention of such land as a way for a street."

But in view of conclusions stated below it is not necessary to consider these rules, or determine which is the true one, for they relate to the vacation of streets by the municipality and not by an independent legal tribunal.

The mere fact that the one who institutes the proceedings to vacate a street will be benefited by the vacation does not of itself constitute fraud and an abuse of discretion. *State v. Elizabeth,* 54 *N. J. Law,* 462, 24 *Atl.* 495, *affirmed* 55 *N. J. Law,* 337, 26 *Atl.* 939; *Bellevue v. Bellevue, etc., Co.,* 65 *Neb.* 52, 59, 90 *N. W.* 1002; *Ponischil v. Hoquiam, etc., Co.,* 41 *Wash.* 303, 306, 83 *Pac.* 316. Nor is the vacation of a street any the less in the public interest and for the public benefit because it is also of benefit to some individual. *Amboy v. Illinois, etc., Co.,* 236 *Ill.* 236, 86 *N. E.* 238; *Tilly v. Mitchell, etc., Co.,* 121 *Wis.* 1, 98 *N. W.* 969, 105 *Am. St. Rep.* 1007; *State v. Elizabeth,* 54 *N. J. Law,* 462, 24 *Atl.* 495.

In *Amboy v. Illinois, etc., Co., supra,* it was said by the Court:

"Even if it were shown by competent evidence that the city council vacated this street after due consideration of the inconvenience to the public on the one hand and the public benefits expected to result from the improvement proposed on the other, the mere fact that, as an incident to such action, appellee also derived benefits therefrom would not warrant us in declaring the ordinance void. If there was an honest exercise of judgment that the public interest would be subserved by the vacation, the incidental benefits received by appellee would not render the ordinance void. The decisions rendered wherein ordinances of this character have been held void, as we have already pointed out, are cases in which the evidence that the power was exercised solely for the benefit of a private interest appeared in the ordinance or otherwise in the official records of the municipality, and from which it was clearly shown that no consideration of public interests could have led to the enactment of the ordinance."

When in a judicial proceeding, in a court of competent jurisdiction, it has been determined that a street is unnecessary and

should be vacated, a court of equity should not declare the proceeding invalid simply because the motive or purpose of the person who instituted the proceeding was to benefit the abutting owners. No cases sustaining such a proposition were presented. In all of the cases cited by the complainants the streets were vacated by municipal bodies, and it appeared in the vacation proceedings that the purpose of the body which decided the question was to devote the land to private uses inconsistent with the public user. Here it was not the city which determined that the street was no longer needed by the public. It was the Court which decided this crucial and essential point, acting on the finding of the five freeholders who investigated the question and heard all objectors, including the Fire Company. Presumably the freeholders did their duty faithfully, and as their findings that the street was unnecessary is unchallenged, it is to be taken as a fact that the designated portion of the street was not needed. In that proceeding the Court had express power to disapprove a finding of the freeholders for "inequity," but was not asked to do so.

Inasmuch as the rights of the public and any persons specially affected by the vacation proceedings are determined by a judicial tribunal, the purpose and motive of the person who instituted the proceedings is immaterial. Under such circumstances the reason for the rule asserted by the complainants has failed, and certainly is inapplicable here. It is, therefore, no ground to invalidate the proceedings to vacate a street that the city authorities believing, as shown by its records, that a designated portion of a street might be vacated without injury to the public or any private citizen, and that it would benefit the owner of land abutting on both sides of the designated part of the street, should pursuant to an arrangement with such abutting owner institute in a judicial tribunal vacation proceedings, and should, after the court had ordered the vacation, sell and convey to the abutting owner the vacated part of the street, the title to which was in the city.

Therefore, both because the complainants have not shown any injury to them by reason of the vacation of part of Friendship Street, or Hamilton Court, and the occupation of such vacated part by the building of the defendant, and because the vacation proceedings should not be declared invalid for the reason urged

by the complainants, viz. that vacation was obtained for private purposes and not for any public use, the complainants should be denied relief.

A decree will be entered dismissing the bill, costs to be paid by the complainants.