POSEY *v.* PAXTON, SHERIFF.

4-6178 147 S. W. 2d 39

Opinion delivered February 3, 1941.

*Curtis DuVall,* for appellant.

*Jim C. Cole,* for appellee.

HUMPHREYS, J. This suit was brought in the chancery court of Grant county on the 24th day of January, 1940, by appellant against appellees in their official capacity as clerk and collector to enjoin them from extending and collecting a 5-mill city tax on certain property known as Posey's Addition to the city of Sheridan on the ground that the lots, blocks and lands embraced in said addition to the city of Sheridan were not legally annexed to and never became a part of the city.

There is no allegation in the complaint that fraud was practiced upon the county court in procuring the order approving the annexation and no evidence was offered to that effect.

Neither was it alleged in the complaint that the proceeding followed in making the 5-mill tax levy by the city council and the quorum court of Grant county was illegal.

The gist of the complaint is that the tax can not be extended and collected because the attempted annexation of the territory embraced in the addition did not comply with the requirements of §§ 9495, 9496, 9497, 9498, 9499, 9787, and 9788 of Pope's Digest.

The *modus operandi* for annexing territory contiguous and adjoining cities and incorporated towns to said cities and towns is set out in said sections and reference is made to the sections rather than incorporating them at length in this opinion.

This proceeding is a collateral attack upon the validity of the order of the county court approving the petition and annexing the territory embraced in said addition to the city of Sheridan and the acceptance thereof by the city.

The petition expressed on its face a desire to annex the territory described therein to the incorporated town of Sheridan, Grant county, Arkansas, and was addressed to the Honorable William Sheppard, county judge. The prayer was that when annexed it should be known and designated as J. M. Posey's Addition to the town of Sheridan, Arkansas, and that the petitioners authorized J. M. Posey, one of the signers to act on behalf of the petitioners and to attach to the petition a map showing the boundaries of said territory to be annexed.

This petition was signed by six men and filed on the 8th day of December, 1922. The following indorsement appears on the petition: "Approved on the 8th day of December, 1922, W. M. Sheppard, County Judge."

There is nothing in the face of the petition showing that the signers were owners of the land sought to be annexed or showing that the signers thereof were the sole and only owners of the land sought to be annexed.

There is nothing in the order of approval or annexation order to show that notice of the proceedings was given in the manner and time required by § 9787 of Pope's Digest.

There is nothing in the order of annexation showing that there was a public hearing and that all the parties, petitioners and remonstrants, or all of the parties interested were present in court when the order was made.

After the approval of the order, some fifteen or sixteen years thereafter, the city council passed a resolution or ordinance accepting the proposed annexation of

the territory described in the petition. The acceptance by the city was on the 5th day of July, 1939.

This court said in the case of *Gunter* v. *Fayetteville,* 56 Ark. 202, 19 S. W. 577, on direct appeal, that: "When a city has taken the necessary steps to entitle it to present its petition to the county court for the annexation of contiguous territory, and a time has been fixed by the county court to hear the petition, public notice must be given of the intended move. That is a requirement of the statute. Mansf. Dig., 785, 922. The notice must be published in a newspaper or posted as the statute specifies. *Id.* 785. The object of the notice is to give all persons interested the opportunity to contest the petition to annex. *Vestal* v. *Little Rock,* 54 Ark. 321, 15 S. W. 891, 16 S. W. 291, 11 L. R. A. 778.

"The provisions of the statute show that the right to be heard to remonstrate against the prayer of the petition is guaranteed to every person in interest. But, without notice of the annexation proceedings, there is no opportunity to be heard. Statutory warning of the intended application is therefore a condition precedent to the power of the county court to annex the territory, whether the court shall be said to act in an administrative or judicial capacity. *Shumway* v. *Bennett,* 29 Mich. 451, 18 Am. Rep. 107.

"In this case it is not shown that notice of the proceeding was given in either of the modes provided by statute, but a majority of the property holders in the territory to be annexed appeared on the day fixed by the court for a hearing and contested the prayer of the petition. The questions were determined adversely to them in the county court and again on appeal to the circuit court, and they have prosecuted their appeal to this court. . . . It is argued that the want of notice in this case is cured by the appearance of remonstrants. If all who have the right to remonstrate had appeared, the argument would be unanswerable, for appearance is a waiver of notice. But the record shows that some of those whose lands lie in the territory sought to be annexed did not appear. They were interested and were entitled to notice."

Appellee argues that this court should indulge a presumption that the six men who signed the petition were the sole owners of all the property in the proposed annexation and that even if they were not, the court should indulge the presumption that all who were interested, both petitioners and remonstrants, were present in court when the order was made for the reason that the court would not have approved the petition on the day it was filed had it been necessary to give formal notice.

Although, under the Gunter case, *supra,* notice could have been waived by all the interested parties, yet we do not think we can indulge the presumption, as suggested by appellee, that the only owners were the petitioners and all the interested parties were before the court. Simply because the court proceeded without notice. This would not be a sound basis upon which to indulge a presumption that all interested parties were present and waived notice.

This is a special statutory proceeding and the judgment or order entered therein must necessarily show on its face the fulfillment of the statutory requirements to give the court jurisdiction, and it fails to do so. We are asked by appellee to indulge the presumption that the county court found that six qualified electors having a free hold interest in the land in Posey's Addition signed the original petition and to indulge the further presumption that no other person owned any of the land, and that all the interested parties were present when the order was made and, therefore, waived the necessity for statutory notice. We can not go further than to inspect the order. This court is committed to the rule in *Boyd* v. *Roane,* 49 Ark. 397, 5 S. W. 704, and *McDonald* v. *Fort Smith & W. R. Co.,* 105 Ark. 5, 150 S. W. 135, that in a collateral attack the court must decide whether notice was given or waived by an inspection of the record only. It is a physical impossibility for thirty days to have expired from the filing until the approval of the order because the judgment or order itself shows that the petition was approved the same day as filed and does not show that all parties interested in the annexation of the

proposed territory were present at the time the order was made.

This court decided in the case of *Booe* v. *Road Imp. Dist.*, 141 Ark. 140, 216 S. W. 500, quoting the eighth syllabus: "Where less than thirty days intervened between the Governor's proclamation calling an extraordinary session of the General Assembly and the passage and approval of a special bill, the record conclusively shows that the constitutional requirement as to notice was not complied with."

Other grounds are urged as to why the order and approval of the annexation are void, but since we are holding that the order is void for the want of notice and the failure to show that notice was waived it is unnecessary to determine the other questions raised and argued.

The order was void *ab initio.* Being void *ab initio,* no rights accrued thereon or thereunder.

The decree will, therefore, be reversed, and the cause remanded with directions to enjoin the extension and collection of the 5-mill tax imposed on the lands embraced in Posey's Addition to the city of Sheridan.