THE PEOPLE OF THE STATE OF NEW YORK ex rel. VILLAGE OF SPRING VALLEY, Relator, against ALPHONSE SCHROEDER et al., as Assessors of the Town of Clarkstown, Respondents.

Supreme Court, Special Term, Rockland County, March 27, 1947.

*Morton Lexow* for relator.

*Jerome Trachtenberg* for respondents.

CLOSE, Off. Ref. This is a certiorari proceeding brought to set aside an assessment on property owned by the relator on the ground that the property is exempt from taxation pursuant to section 4 of article 1 of the Tax Law.

The facts are not disputed and may be briefly stated. The relator is a duly incorporated village which, prior to the annexation of the land here involved, was located entirely in the town of Ramapo, Rockland County.

In 1922 the relator acquired title, by purchase, to a portion of the land, to be used as a sewage disposal plant. The property, consisting of several acres, was outside the village limits of Spring Valley and located wholly in the town of Clarkstown. Thereafter for a number of years the town of Clarkstown assessed the property, and the taxes levied thereon were paid by the relator.

In 1945 the relator brought a proceeding to condemn a strip of land twenty feet in width connecting the property previously acquired by purchase with the village of Spring Valley. Judgment of condemnation was granted and title to this twenty-foot strip was vested in the relator.

After it acquired title to this twenty-foot strip the relator took proceedings which it claims resulted in this twenty-foot strip and the larger parcel being annexed to the Village of Spring Valley and that as a result of such annexation and the use to which the land is put the whole parcel, including the acreage acquired by purchase and the strip acquired by condemnation, is exempt from taxation (Tax Law, art. 1, § 4).

The respondents contend that the so-called annexation proceeding is a nullity and is of no force and effect. They admit, however, that if the annexation proceedings are valid the property is exempt from taxation.

The relator concededly followed the formula laid down in section 348-a of the Village Law. This section provides that

where a village desires to extend its boundaries by the annexation of uninhabited territory belonging to the village but situated outside its corporate limits it may do so if a majority of the town board of the town in which such village is situated, residing outside the village, consent thereto. Such consent must be acknowledged in the same manner as a deed to be recorded and filed in the office of the village clerk.

When this is done the village board may by a resolution annex such territory without further ado. Such annexation becomes effective after the village clerk has filed a certificate describing the land annexed in the offices of the town clerk and the county clerk, and the village board has filed with the Secretary of State an amended map showing the outline of the corporate limits of the village as extended and the Secretary of State, under the seal of his office, certifies that he has received and filed such map (Village Law, §§ 348, 348-a).

As I understand the position of the respondents, it is to the effect that this court must read into section 348-a of the Village Law language to the effect that before vacant land, though owned by a village, can be annexed to a village, such village must obtain the consent of the members of the town board in which *the land is situated* rather than the consent of the members of the town board in which the village is situated as the Village Law now provides.

Municipal corporations are created by the State as a convenient agency for exercising such powers in local government as may be entrusted to them. The State may therefore prescribe the manner in which and the method by which its legislative creatures may be created, enlarged, contracted or dissolved. In outlining the method to be adopted, the State may act with or without the consent of the citizens of the larger area out of which is carved the municipality in question (*Hunter* v. *Pittsburgh*, 207 U. S. 161). If the Legislature intended the construction to be placed upon section 348-a of the Village Law for which the respondents contend, it made a most unhappy choice in the language used. There are many examples in this State where villages are located in more than one town and where the village owns land dedicated to a municipal use that is outside the territorial boundary lines of the village. It must be presumed that the Legislature had these examples in mind when it provided the method of annexation provided for in section 348-a of the Village Law.

However, section 348-a is rather ambiguous. It may well be that the legislative intention was to provide only for the

annexation of territory located in the same town as that in which the village is located. This theory is based upon the requirement that the consent of the members of the town board residing outside the village be obtained. Such a situation could only arise where the land to be annexed was located in the same town as the village. If the construction is placed upon the language used, then no provision is made for the annexation of vacant land owned by the village and located in a town other than that in which the village is located. However, I believe that I must hold that the language used negatives such an intention.

The duties of the members of the town board as limited by section 348-a of the Village Law seem to be purely ministerial in character. There can be no doubt that the State Legislature could have provided for the incorporation, enlargement and dissolution of a village without calling upon the members of the town government to perform any function whatever; so here, giving a literal interpretation to the language used, it had power to permit the annexation of vacant land owned by the village without the consent of the members of the town board of the town in which the land is located. Nor is there any merit in the respondents' contention that the Legislature never intended to permit a village to expand by annexation of appendages, as was done here. The test is whether any part of the territory to be annexed is connected with and abuts upon the village boundary (*Matter of Village of Saranac Lake* v. *Gillespie,* 261 App. Div. 854; *Jarl Co.* v. *Village of Croton-on-Hudson,* 148 Misc. 153, affd. 238 App. Div. 865, affd. 262 N. Y. 551).

The relator contends that the respondents may not collaterally attack the annexation proceeding here. There has not been in this instance such a user for a substantial time of the jurisdiction supposed to be acquired as to create a *de facto* corporation, so that its existence may not be challenged by anyone except the State (*Jarl Co.* v. *Village of Croton-on-Hudson,* 258 N. Y. 303, 308–309).

This case is not free from doubt. Section 348 has been in existence in one form or another since 1870 (L. 1870, ch. 291, tit. VIII, § 33, as amd.) and section 348-a since 1912 (L. 1912, ch. 124). If a literal interpretation is not to be given to the language used, a higher court should make the pronouncement.

An order will be granted for the relief sought in the petition, with costs.