Van Marion v. Hawkins, Collector.

5-497                                      272 S. W. 2d 317

Opinion delivered November 8, 1954.

C. C. Brewer, for appellant.

Phillip H. Loh, for appellee.

WARD, J. This appeal challenges the right of the City to extend and collect taxes on property in a "Subdivision" lying adjacent to the corporate limits where the "Subdivision" had not been annexed by the City in accordance with the statutes pertaining thereto.

In 1916 W. O. Scroggin, being the owner of forty acres of land adjoining the west boundary of the City of Morrilton, filed a plat in the Circuit Clerk's office showing said lands to be divided in lots, blocks and streets, and being designated as W. O. Scroggin's Addition to the City of Morrilton. In 1951 the County Court made

an order annexing said property to the City of Morrilton, but this order of the County Court was appealed to the Circuit Court and was there held void on November 12, 1952. Appellant was a party to this appeal to the Circuit Court. No appeal was taken from this Circuit Court order. On December 1, 1952, the City Council of Morrilton adopted a resolution, making reference to the original plat of W. O. Scroggin's Addition, wherein the City purported to accept the Scroggin's Addition and to extend the City limits of Morrilton to include all of said land.

Following the recordation of the Scroggin's plat in 1916 the City of Morrilton has each year extended and levied city taxes on the property in question and these appellants and others residing in the purported addition have paid these taxes, and they have likewise purchased city automobile license imposed by Morrilton. During all of these years the City of Morrilton has furnished and rendered certain services to the residents of the purported addition in the form of street repairs and extension of light, water and sewer services.

On October 16, 1953, this suit was instituted by appellant, Jacob Van Marion, a citizen of Conway County and a resident and property owner in the purported addition, for himself and all others similarly situated, against the tax collector and other officials of Conway County and against the Mayor and other officials of the City of Morrilton to restrain said defendants from further collecting or attempting to collect any city tax or assessment of any kind for the benefit of the City of Morrilton against the property located in the said purported addition, and also seeking to impound in the hands of the tax collector any taxes so collected and remaining undistributed.

A stipulation entered into by both sides sets out the facts mentioned above and it also contained an agreement that oral testimony could be introduced "in regard to services provided by the City of Morrilton to residents of said W. O. Scroggin's Addition, and in regard to the original platting of said land by W. O. Scroggin in 1916."

Pursuant to this agreement the testimony of several witnesses appears in the record, but, in view of the disposition hereinafter made, we deem it unnecessary to abstract or refer to said testimony.

After a full hearing on the issues involved, the learned Chancellor ruled in favor of the defendants, appellees here, and refused to grant the relief prayed for by appellant. The principal ground upon which the Chancellor reached his conclusion appears to be that appellant and others in his situation are estopped from asserting any claim they might have by reason of the fact that they have for many years paid the taxes which have been levied by the City of Morrilton and have accepted the benefits extended to them by the City.

It is our opinion that the doctrine of estoppel cannot be invoked against appellant under the facts in this case. Appellees, to support the decree of the trial court, call our attention to *Joseph A. Kuhn* v. *City of Port Townsend, et al.,* 12 Wash. 605, 41 P. 923, 50 Am. St. Rep. 911, 29 L. R. A. 445, and 43 C. J. 138, paragraph 110 (5). Neither of these citations appears to us to be in point. In the *Kuhn* case, *supra,* the doctrine of estoppel was applied but to a situation entirely different from that which obtains here. There the city had attempted to follow the statute in annexing certain territory and no appeal was taken therefrom. Later Kuhn made somewhat the same contention as appellant makes here and the court said:

''The objections urged against the proceedings of the council of the respondent city do not go to any question of jurisdiction, but constitute mainly irregularities and informalities not affecting jurisdiction, and afford no ground for collateral attack.''

There is nothing in Paragraph 110 cited above which is contrary to the holding in the *Kuhn* case, *supra.* The supporting authorities under this paragraph appear to be uniform in holding that if the annexation proceeding is merely irregular and no appeal is taken then the taxpayer may be estopped from asserting his claim of exemption from taxation.

In the case which we now have under consideration the City made no effort, according to the record, to comply with the statutory requirements regarding annexation. Ark. Stats., §§ 19-301 to 19-303 which provide for a petition, a hearing before the county court, and a waiting period for interested parties to make objections, were in no way complied with, and the city council, in this purported act of acceptance on December 1, 1952, had no jurisdiction empowering it to make the annexation.

In the case of *Foreman, et al.* v. *Town of Marianna,* 43 Ark. 324, this court affirmed the necessity of following the statutes in annexation cases stating:

"It does not depend upon the will of the citizens, whether or not they may be subject to the restrictions and burdens of these municipal *quasi* corporations, any further than the legislature may allow the exercise of that will. The whole public is concerned and the legislature may prescribe the terms and conditions under which they may be formed or extended; and may vest in the County Courts the power of determining when they may or may not be necessary or useful."

The mere filing of a plat by Scroggin in 1916 was in no way a compliance with the statutes mentioned above and in no way amounted to an annexation. In *Hemple, et al.* v. *City of Hastings,* 79 Neb. 723, 113 N. W. 187, where there was a situation somewhat similar to the one under consideration, the court said:

"The filing of a plat by the owner of property contiguous to, but outside, the corporate limits of a city, does not have the effect of changing the boundaries of the city so as to include such property. The power to establish and change boundaries of a municipal corporation is a legislative one, and must be exercised either directly or in the method prescribed in the constituent act or other statute upon the subject."

We agree that there are instances where taxpayers may be estopped from denying the validity of an annexation. Several such examples are mentioned in McQuil-

lin's 3rd Edition on Municipal Corporations, Vol. 2, page 278, *et seq.*, citing authorities. One is where the statute under which the annexation was made is later declared unconstitutional. Another is: The landowner may be estopped where he has himself platted land, inducing others to build thereon, and the city limits are extended to include his land. Still another is where the defect in annexation is merely an irregularity in procedure on the part of the City. However, if the irregularity is one of jurisdiction, the rule is otherwise. What appears to be the general rule, as stated by McQuillin, is: "Thus one who participated in the proceedings whereby his land was annexed and acquiesced in the jurisdiction of the municipal authorities over his land for three years, will be estopped from attacking them collaterally when the question raised is not one of jurisdiction."

Following the above McQuillin says: "The right to sever territory from a municipality is a continuing one and the defenses of laches, acquiescence and equitable estoppel have been held to be inapplicable to the exercise thereof."

It can hardly be contended here that the City of Morrilton had jurisdiction to annex the land in question when it attempted to do so by the December 1st resolution. There had been no petition filed in the County Court as provided in Ark. Stat., § 19-301, no hearing in and determination by the County Court as provided in § 19-302, no opportunity given for appeal to the Circuit Court as provided in § 19-303, and no notice or opportunity for notice as provided in § 19-304. The City attempted to comply with only the provisions of § 19-305, *i.e.*, it attempted to accept the "addition" regardless of the lack of compliance with the previously mentioned statutes. If we are to consider the attempted annexation as having been instigated by the City, then there was no compliance with § 19-307 which requires the matter to be submitted to an election, etc. From all this it is obvious that the City acquired no jurisdiction to pass the resolution of acceptance on December 1st.

The case of *Posey* v. *Paxton, Sheriff,* 201 Ark. 825, 147 S. W. 2d 39, was where a taxpayer sought to enjoin the County Collector and City officers from the collection of taxes in a purported annexation. The suit was brought sixteen years after the order of annexation but shortly after a resolution of ''acceptance'' was passed by the City Council, as was done here. The trial court refused relief to the taxpayers. This Court, in reversing the trial court, mentioned several defects in the earlier annexation proceedings, and then stated:

''This is a special statutory proceeding and the judgment or order entered therein must necessarily show on its face the fulfillment of the statutory requirements to give the court *jurisdiction,* and it failed to do so. . . . We cannot go further than to inspect the order.'' (Italics supplied.)

It is noted also that, in the above case, this court granted relief to Posey notwithstanding his suit constituted a collateral attack.

Also it has been held that appellant's right to object to the City extending and collecting taxes was a right extended from year to year. In the case of *McKeon, et al.* v. *City of Council Bluffs,* 206 Iowa 556, 221 N. W. 351, 62 A. L. R. 1006, the question of estoppel was discussed in a situation somewhat similar to the one under consideration. Among other things the court said:

''Submission to an inequitable tax for one year can give no right to the imposition of it the next year. Such payment of taxes cannot be effectively set up as estoppel. Furthermore, the property owners have had each and every year the statutory right to severance. The condition giving them that right was a continuing condition and the statutory right was a continuing right.''

It is therefore our conclusion that, since the City of Morrilton acted without jurisdiction in passing the December 1st ordinance, appellant is not estopped to assert his right to exemption from the imposition of City taxes and licenses.

The Chancellor was correct in refusing to impound unexpended funds accruing from the invalid taxes. The payment of these taxes by appellant and others was made without protest, and will be treated as voluntary payments. See *Brunson* v. *Board of Directors of Crawford* County Levee District, 107 Ark. 24, 153 S. W. 828, 44 L. R. A., N. S. 293.

Pursuant to the views above expressed, the decree of the trial court is reversed to the extent indicated, and the cause is remanded with directions to enter an order consistent with this opinion.

Justice MILLWEE dissents.