384 P.2d 236

Charles C. FINUCANE, Plaintiff-Appellant,

v.

VILLAGE OF HAYDEN, Gerald Kilian, Grant Jones, John Freligh, Gene Lyden and Lyle Petersen, Trustees of the Village of Hayden, Defendants-Respondents.

No. 9304.

Supreme Court of Idaho.

Aug. 2, 1963.

E. L. Miller, Charles H. Kimball, Coeur d'Alene, for appellant.

201

James T. Knudson, Coeur d'Alene, for respondents.

SMITH, Justice.

This action was commenced September 13, 1962, by appellant (plaintiff) directed against the Village of Hayden, hereinafter sometimes referred to as the Village, and its Trustees, seeking to have adjudicated as void ordinances of the Village which annexed certain of appellant's land to the Village, the litigation being ultimately directed at the two ordinances of the Village, dated October 1, 1959 and March 1, 1962, and for relief of disannexation. The facts were uncontroverted and in large part stipulated.

Respondents advanced the affirmative defense that appellant was estopped by laches to attack the ordinances insofar as they annexed his land to the Village.

At the conclusion of a trial without a jury, the district court found in accordance with a stipulation of the parties, that appellant's land, involved in the proceeding, had never been laid off, nor sold nor bargained

for sale in lots, blocks or tracts not exceeding five acres; that appellant's land is used exclusively for agricultural purposes, and that it does not receive any special benefit by being retained within the corporate limits of the Village.

The trial court further found that, prior to the filing of his complaint, appellant had not sought to withdraw any portion of his land from the corporate limits of the Village; that appellant had paid certain taxes and assessments levied and assessed against his land, although not for the year 1962; also, that detachment of appellant's land would materially mar the symmetry of the Village.

The court then concluded that appellant was guilty of laches and was estopped from asserting any right of disannexation of his land from the corporate limits of the Village, except as to Tracts 63 and 66, Avondale Irrigated Tracts, annexed by the ordinance of March 1, 1962.

The court thereupon entered judgment, October 30, 1962, declaring the Ordinance of the Village, dated March 1, 1962, as being void as to Tracts 63 and 66, Avondale Irrigated Tracts, and that those tracts be removed from the boundaries of the Village; and denied to appellant any further relief.

Appellant perfected an appeal from the judgment insofar as it rejected the relief sought, for withdrawal of his land annexed to the Village by its ordinance dated April 1, 1959.

Appellant assigns error of the trial court:

1. In failing to declare as void the Ordinance of the Village dated October 1, 1959, which annexed those parts of appellant's land which had never been laid off, or sold or bargained for sale in lots, blocks or tracts not exceeding five acres;

2. In ruling, that appellant was barred by laches from seeking the relief adjudging the Ordinance of October 1, 1959, to be void insofar as it attempts annexation of appellant's land to the Village;

3. In denying to appellant the relief of disannexation of his land annexed by the Ordinance of October 1, 1959.

*The Issue of Invalidity of the Ordinance.*

■ Appellant in urging the invalidity of the ordinance insofar as the Village thereby attempted annexation of his land, relies upon I.C. § 50–303. Such section of the statute provides that land lying contiguous or adjacent to a municipality may, by ordinance, be annexed when the land either:

"* * * shall be, or shall have been, by the owner or proprietor thereof or by any person by or with the

owner's authority or acquiescense (sic), laid off into lots or blocks, containing not more than five acres of land each, * * *."

or, whenever:

" * * * the owner or proprietor, or any person by or with his authority, has sold, or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres, * * *."

No contention is advanced that the land involved is not contiguous or adjacent to the Village.

The stipulation of the parties, upon which the trial court based findings, shows without dispute that appellant's agricultural lands had never been laid off, nor sold, nor bargained for sale, in lots, blocks or tracts not exceeding five acres.

Oregon Short Line Railroad Co. v. Village of Chubbuck, 83 Idaho 62, 357 P.2d 1101, 1103, invalidated an ordinance whereby was attempted the annexation to a municipality of certain railroad lands, because such lands had never been laid off or sold in tracts of less than five acres, thus not meeting either prerequisite statutory requirement of I.C. § 50–303. This Court then held:

"Municipal corporations can exercise only such powers as are expressly granted or necessarily implied from the powers granted; doubt as to the existence of powers, must be resolved in favor of the granting power. State v. Frederic, 28 Idaho 709, 155 P. 977; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; Independent School Dist. No. 1 of Twin Falls County v. Continental Oil Co., 49 Idaho 109, 286 P. 360; O'Bryant v. City of Idaho Falls, 78 Idaho 313, 303 P.2d 672.

"Municipal corporations have power to annex additional territory only under the conditions, restrictions and limitations which the legislature imposes. Boise City v. Baxter, 41 Idaho 368, 238 P. 1029; Hillman v. City of Pocatello, supra [74 Idaho 69, 256 P.2d 1072]; Potvin v. Village of Chubbuck, 76 Idaho 453, 284 P.2d 414. If the essentials of the statute are lacking, the annexation ordinance is void. Hillman v. City of Pocatello, supra; Potvin v. Village of Chubbuck, supra."

See also Batchelder v. City of Cocur d'Alene, 85 Idaho 90, 375 P.2d 1001.

The annexation here under consideration, not having been accomplished in compliance with the statutory requirements, is void and the Ordinance of the Village of October 1, 1959, insofar as it attempted such annexation is invalid. I.C. § 50–303;

Boise City v. Baxter, supra; Hillman v. City of Pocatello, supra; Potvin v. Village of Chubbuck, supra; Oregon Short Line Railroad Co. v. Village of Chubbuck, supra; Batchelder v. City of Coeur d'Alene, supra.

*The Issue of Laches.*

The controlling issue in this proceeding is whether appellant became estopped by reason of laches from asserting the invalidity of the October 1, 1959 ordinance insofar as it affected appellant's land by attempted annexation to the Village.

Respondents contend that the trial court properly held that appellant is estopped by reason of laches from asserting the voidness of the ordinance for the reasons: that appellant has acquiesced to the annexation by payment of taxes; that he has not established detriment by the inclusion of his property in the village limits; that he has recognized the Village's right to retain a portion of his property (included in the village limits by proceedings prior to the October 1, 1959 ordinance); that the Village has relied on appellant's acquiescence in the use of his tax contribution and in further expansion of the village boundaries; that to allow removal of appellant's land from the village limits would seriously alter the symmetry of the Village; and that appellant has not explained his delay in seeking removal of his property from the village limits.

The general rule which respondents seek to invoke is stated in McQuillin Municipal Corporations, 3rd Ed., Vol. 2, § 7.09, in the following language, "If the elements of estoppel are present, the owners of land over which the municipal corporation has exercised the powers and functions of government for a long period of time will be estopped from questioning the location of the municipal boundaries." Such rule has application even though the proceeding by which the municipal boundaries were extended are void, when by reason of lapse of time the municipal authority has been exercised, and there has resulted changed conditions involving extensive public and private interests. State ex rel. West v. City of Des Moines, 96 Iowa 521, 65 N.W. 818, 31 L.R.A. 186. State ex rel. Hallgarth v. School Dist. No. 23, 179 Or. 441, 172 P.2d 655, 664, states the rule, " * * * the passage of time is not the only element which determines whether laches has occurred. It is the cumulation of events, especially those which bring home notice to the plaintiff and prejudice the defendant, which determines whether laches has occurred." See also Central Missouri Oil Co. v. City of St. James, 232 Mo.App. 142, 111 S.W.2d 215; Lowden v. Hooper, 188 Okl. 595, 112 P.2d 172; Collins v. Wayland, (Ariz.), 127 P.2d 716; Calhoun County v. Early County, 205 Ga. 169, 52 S.E.2d 854; State on Inf. of Wallach ex rel. H. B. Deal

& Co. v. Stanwood, (Mo.App.), 208 S.W.2d 291; In re Village of Spring Valley, 189 Misc. 324, 71 N.Y.S.2d 848; Van Marion v. Hawkins, 224 Ark. 199, 272 S.W.2d 317.

Such holdings are based upon public policy. Where a municipal corporation and the parties affected acquiesce in such action by the officials of the corporation, and transact business upon the theory that the land is located within the boundaries of the municipality, it is in the interest of the general public that such a rule be applied. For other decisions involving analogous situations concerned with matters of public interest and whereby public policy substantially influenced the decisions of this Court, see Wright v. Kelley, 4 Idaho 624, 43 P. 565; People ex rel. Atty. Gen. v. Alturas County, 6 Idaho 418, 55 P. 1067, 44 L.R.A. 122; Clemens v. Pinehurst Water District, 81 Idaho 213, 339 P.2d 665. See also Hatch v. Consumers' Co., 17 Idaho 204, 104 P. 670, 40 L.R.A.(N.S.) 263; affirmed Consumers' Co. v. Hatch, 224 U.S. 148, 32 S.Ct. 465, 56 L.Ed. 703, wherein this Court, in its dictum, recognized the doctrine of estoppel by laches in a collateral attack upon an annexation ordinance, stating that where the city authorities had by ordinance extended the city limits, and the parties affected had acquiesced in this action and transacted business upon the theory that such territory was included within the city limits, a public service corporation would not be allowed to question the validity of such action of the city council in a collateral attack after the lapse of five years.

The defense of laches is a creation of equity and is a specie of equitable estoppel. Carberry v. Trentham, 143 Cal. App.2d 83, 299 P.2d 966; Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P.2d 404; Sharpe v. Smith, 68 N.M. 253, 360 P.2d 917; Despain v. Despain, 78 Idaho 185, 300 P.2d 500.

The necessary elements of laches are: (1) defendant's invasion of plaintiff's rights, (2) delay in asserting plaintiff's rights, the plaintiff having had notice and an opportunity to institute a suit, (3) lack of knowledge by defendant that plaintiff would assert his rights, and (4) injury or prejudice to defendant in event relief is accorded to plaintiff or the suit is not held to be barred. 19 Am.Jur., Equity, § 498; Despain v. Despain, supra; Flora v. Gusman, 76 Idaho 188, 279 P.2d 1067.

The record herein reflects that appellant has not received any special benefit as a result of the annexation. There is no showing of prejudice to the Village such as expenditures by it for the benefit of appellant's property, i. e., for street improvements, installation of city domestic water supply, lighting, sewer, sidewalks, curbing, or similar benefits, which would require the

application of the doctrine of estoppel by laches.

The fact that the symmetry of the Village will be marred if appellant's realty is disannexed is of small consequence, under such existent circumstances.

■ Lapse of time, although an important element, is not, standing alone, to be considered as controlling in determining the applicability of the defense of laches. Courts must accord due regard to all the surrounding circumstances, and the acts of the parties in their relationship to the property involved in the controversy. Flora v. Gusman, supra; Despain v. Despain, supra; Bergen v. Johnson, 21 Idaho 619, 123 P. 484; Smith v. Faris-Kesl Const. Co., 27 Idaho 407, 150 P. 25; Eldridge v. Idaho State Penitentiary, 54 Idaho 213, 30 P.2d 781.

In a comparable situation, Hillman v. City of Pocatello, 74 Idaho 69, 256 P.2d 1072, this Court, in refuting the application of the doctrine of estoppel (by laches), stated:

"Subsequent to the enactment of the ordinance in question, there were no rights established or rights of third parties affected, or any detriment to others shown by the jurisdiction which the City exercised over the land in question. * * *

"We conclude that the Mayor and City Council of the City of Pocatello did not have authority or power to pass the ordinance in question, hence the same is void.

"The ordinance when passed being void, it remains void, * * *. Under the facts presented the appellant is not estopped to challenge the ordinance."

We therefore hold, for the reasons herein set forth, that appellant is not estopped by laches to question the validity of the ordinance.

The judgment of the district court is affirmed insofar as it adjudged as void the Ordinance of March 1, 1962 of the Village of Hayden, which attempts annexation to the corporate limits of the Village of Tracts 63 and 66 of Avondale Irrigated Tracts.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of appellant adjudging the Ordinance of October 1, 1959 of the Village of Hayden to be void insofar as the ordinance attempts annexation to the corporate limits of the Village of lands belonging to appellant and included within the purview of such ordinance.

Costs to appellant.

McQUADE, McFADDEN and TAYLOR, JJ., and TOWLES, D. J., concur.