452 P.2d 50

Mary Lee ALEXANDER, a single woman, and Joyce Ann Kelso, a single woman, Plaintiffs and Appellants,

v.

The TRUSTEES OF the VILLAGE OF MIDDLETON, Idaho and the Village of Middleton, Idaho, Defendants and Respondents.

Clark M. CORNELL and Vera M. Cornell, husband and wife, Plaintiffs and Appellants,

v.

The TRUSTEES OF the VILLAGE OF MIDDLETON, Idaho and the Village of Middleton, Idaho, Defendants and Respondents.

No. 10295.

Supreme Court of Idaho.

March 17, 1969.

Smith, Miller & Weston, Caldwell, for appellants.

Alexanderson, Davis & Rainey, Caldwell, for respondents.

SHEPARD, Justice.

These cases arise out of the same events and were consolidated for trial. Appellants in both cases are owners of properties annexed to the Village of Middleton by ordinance of December 29, 1964; they now contest the validity of the ordinance and demand to be disannexed.

All parcels of property involved herein exceed five acres in size and all are devoted to agricultural uses.

The action of the Village resulted from a ground pollution problem in the Middleton area. Sewage was not being absorbed into the ground through the medium of septic tanks, etc., and in some cases raw sewage was being dumped into irrigation canals. An investigation of the area had been made by the state department of health and the department recommended the installation of a sewage collection and treatment system. It was deemed necessary that the boundaries of the Village be expanded in order that properties plagued with a ground pollution problem could be served by a Village sewage system and also that the Village be provided an enlarged bonding base of real property for financing the system.

Officers of the Village were directed to call on all property owners within the contemplated annexation areas, explain the problems, and if possible gain their consent

to annexation. The testimony is uncontradicted that any property owner who was so contacted and protested annexation of his property was excluded from the effect of the annexation ordinance. Thereafter an annexation ordinance was published, discussed at widely publicized and attended meetings in the Village, and ultimately passed. Appellants were aware of the pendency of the ordinance, knew that their properties were to be included in the annexation, and in most cases discussed the matter with Village authorities; but at no time did they formally protest the annexation of their property.

Two sewer bond elections were held in order to obtain the necessary financing for the project, and thereafter the construction of the system took approximately two years to complete.

Appellants Alexander and Kelso have connected with the sewer lines and state that they are happy at being so served. Appellant Cornell permitted the construction of the sewer lines across his property and a stub connection thereto has been furnished at a place directed by him. He has not, however, connected to the line. He stated that he knew that property owners more distant from the Village boundaries had a severe pollution problem and that he did not want to deprive them of the benefits of the sewer.

This action was filed by appellants contesting the validity of the ordinance of annexation as it was applied to their properties, and trial was had to the court sitting without a jury. The trial court found essentially that the appellants were fully apprised of the conditions of the annexation, that they were not misled as to their right to resist the annexation, and that having accepted benefits from the expenditures of the Village for the sewer, but having delayed assertion of their alleged rights for a long period of time, they are estopped to question the validity of the ordinance. The

court dismissed the complaints, awarding costs to the defendants.

Appellants assign error in the trial court as to several findings of fact. A review of the evidence in each instance reveals that there was substantial and competent although sometimes conflicting evidence to support the findings of the trial court. In such cases we have stated and reiterate here that this Court will not disturb such findings on appeal.

The principal argument of the appellants and the only real question for decision herein is the claim that the Village ordinance which annexed the property is invalid in that it did not comply with statutory requirements and that the principle of equitable estoppel is not applicable.

The pertinent statute at the time of the ordinance in question was I.C. § 50–303 [1]:

"50–303. Annexation of adjacent territory.—Whenever any land lying contiguous or adjacent to any city, town or village in the state of Idaho, or to any addition or extension thereof, shall be, or shall have been, by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescense, laid off into lots or blocks, containing not more than five acres of land each, whether the same shall have been, or shall be, laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor, or any person by or with his authority, has sold, or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres, it shall be competent for the council or board of trustees, as the case may be, by ordinance, to declare the same, by proper legal description thereof, a part of such city, town or village. Provided that said board of trustees or council shall not have the power to declare such land, lots or blocks a part of said city, town or

1. I.C. § 50–303 was revised slightly in the overall revision of I.C. Title 50 in 1967. See Session Laws of 1967, Chapter 429, Section 15, p. 1255. As revised the section now appears as I.C. § 50–222.

village, if they will be connected to such city, town or village by a shoe string or strip of land upon a public highway."

Appellants argue that the ordinance was in violation of the above statute in that it attempted annexation of lands greater in area than five acres, which were used primarily for agricultural purposes, and which had not been subdivided. It is stipulated that this is the case with the Kelso-Alexander property. It is argued by respondents that the Cornell property had been subdivided by the selling off of two parcels of property. The District Court made no finding regarding the dividing of the Cornell property which would validate the ordinance as to that landowner and such determination would in no manner affect the result of this decision.

Appellants contend that as a matter of law the concept of estoppel cannot be applied herein to validate the ordinance. They argue that it was void when passed and remained so, and that since municipalities derive their authority solely from the legislature, only annexations complying with the conditions, restrictions and limitations imposed by statute are valid.

Appellants rely most strongly on the case of Hillman v. City of Pocatello, 74 Idaho 69, 256 P.2d 1072 (1953). In that case, at the specific request of the landowner, the city passed an ordinance annexing his land. The land in question was not "contiguous" to the then city limits, and in fact was more than 1500 feet from the then city limits. Almost five years thereafter the landowner demanded his property be disannexed on the basis that the ordinance was invalid. This Court held that the annexation ordinance was "void" and stated:

"Under statutes authorizing a city or village, under prescribed conditions, to annex adjacent or contiguous territory to the municipality, such statutes have been generally construed to include only contiguous or coterminous territory. The words 'adjacent' and 'contiguous' so used must be construed to have a meaning in their primary and obvious sense, and the territory to be annexed must be adjoining, contiguous, coterminous or abutting. In other words 'adjacent' as used in the statute means connected with and does not contemplate that a city or village should be divided into noncontiguous parts or separated areas. (citations omitted)

\* \* \* \* \* \*

*The ordinance when passed being void, it remains void, and it cannot be given life or effect by acts or conduct of appellant.* Under the facts presented the appellant is not estopped to challenge the ordinance. \* \* \* There being no authority for the enactment of the ordinance in question, it never had and does not now have any validity. (citations omitted)" (Emphasis supplied.)

The language above quoted from Hillman v. City of Pocatello, supra, would imply an absolute "voidness" as to any ordinance in the event that the statutory bases be not present, regardless of the circumstances surrounding its enactment or the circumstances or acts of parties following enactment.

The court in Hillman relied heavily upon Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353 (1930). In that case, ordinances prohibited the construction of gasoline filling stations in certain areas and placed an arbitrary authority in the city to prohibit any construction. They were held to be violative of both the federal and state constitutions. Although plaintiff and its predecessors in title had not contested the validity of the ordinances when enacted, plaintiff instituted suit immediately when the city attempted enforcement of the ordinance against his property. The court merely observed:

"\* \* \* Acquiescence in an unconstitutional statute for many years will not render it valid. \* \* \*" 49 Idaho 89, 101, 286 P. 357.

The court went on carefully to point out, however, that that case differed on its facts from Canady v. Coeur d'Alene Lumber Co.,

21 Idaho 77, 120 P. 830 (1911), and the court carefully restricted the extent of its holding by stating:

" * * * In the case at bar, the plaintiff or its predecessors have not stood by while any improvements have been made under the ordinance in question, nor has defendant been induced to change its position to its disadvantage because of any act of plaintiff, nor have any rights of property sprung into existence by reason of this ordinance, bringing the case within the exception to the general rule. (citation omitted)" 49 Idaho 89, 102, 286 P. 357.

Appellants point out that the language in Hillman can be considered as respectable since the New Mexico court in the case of Your Food Stores v. Village of Espanola, 68 N.M. 327, 361 P.2d 950, cert. den. 368 U.S. 915, 82 S.Ct. 194, 7 L.Ed.2d 131 (1961), approved and utilized the language of Hillman. That case involved the attempted annexation of lands belonging to the Pueblo Indian Tribe. That court opened its opinion by observing:

"The single question for determination is whether a municipality may lawfully extend its corporate limits to include lands of an Indian tribe and to enforce within such lands, a municipal sales tax against a business located upon land leased from the Indian tribe.

"No question is raised as to the validity of the sales tax ordinance nor as to the annexation proceedings if the municipality could legally annex Indian lands."

We suggest that the New Mexico case is substantially different in fact and law, and sheds no light upon the instant problem of laches and equitable estoppel.

Respondents reply that estoppel should be made applicable in municipal annexation cases and point to Finucane v. Village of Hayden, 86 Idaho 199, 384 P.2d 236 (1963). That case, as the case at bar, dealt with an annexation ordinance purporting to annex lands exceeding five acres in size which had never been laid off or sold in lots, blocks or tracts. Three years had elapsed after the enactment of the ordinance before the landowner protested the effect of the ordinance. The trial court in the Finucane case had found the landowner guilty of laches and held that he was estopped to assert the invalidity of the ordinance.

This Court reversed the trial court in Finucane v. Village of Hayden, supra, holding that while equitable estoppel could be interposed as a defense to an action challenging the validity of an annexation ordinance, the necessary elements of equitable estoppel were not there present. The Court quoted the general rule as laid out in McQuillin, Municipal Corporations, Volume 2, Section 7.09:

" 'If the elements of estoppel are present, the owners of land over which the municipal corporation has exercised the powers and functions of government for a long period of time will be estopped from questioning the location of the municipal boundaries.' "

This Court went on to observe:

"Such rule has application even though the proceeding by which the municipal boundaries were extended are void, when by reason of lapse of time the municipal authority has been exercised, and there has resulted changed conditions involving extensive public and private interests. (citations omitted)

* * * * * *

Such holdings are based upon public policy. Where a municipal corporation and the parties affected acquiesce in such action by the officials of the corporation, and transact business upon the theory that the land is located within the boundaries of the municipality, it is in the interest of the general public that such a rule be applied.

* * * * * *

The record herein reflects that appellant has not received any special benefit as a result of the annexation. There is no showing of prejudice to the Village such as expenditures by it for the benefit of appellant's property, i. e., for street

827

improvements, installation of city domestic water supply, lighting, *sewer,* sidewalks, curbing, or similar benefits, which would require the application of the doctrine of estoppel by laches." (Emphasis supplied.)

The facts in the case at bar amply justify the application of the doctrine of equitable estoppel as laid down in Finucane v. Village of Hayden, supra. More than two years had elapsed from the time of the enactment of the ordinance to the time of filing this suit. The appellants had adequate notice of the intent to enact the ordinance and of the actual enactment of the ordinance. They were aware that their land would be included within the area to be annexed. Others whose land was proposed for annexation did protest and their lands were excluded from the annexation ordinance. Injury and prejudice to the Village has been shown if relief were to be afforded appellants. The District Court specifically found benefits to the appellants' land through increased value and the elimination of conditions hazardous to health, and a correlative detriment to the Village by the expenditures of money in affording the benefits of the sewer collection system to appellant's property.

As above stated, appellants herein relied basically upon the language contained in Hillman v. City of Pocatello, supra. This case and that of Finucane v. Village of Hayden, supra, are distinguishable in some respects from the Hillman case in that Hillman dealt with the attempted annexation of noncontiguous lands. We believe, however, that the language of Hillman v. City of Pocatello, supra, in precluding the imposition of equitable estoppel as a defense in this type of action, is erroneous. The public policy established by the Court in Finucane v. Village of Hayden, supra, is clearly preferable.

Under the conditions of the case at bar, appellants are now estopped to challenge the validity of the annexation ordinance.

Judgment of the trial court is affirmed. Costs to respondents.

McQUADE, Acting C. J., DONALDSON and SPEAR, JJ., and HAGAN, D. J., concur.